UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 22-3052

_____

UNITED STATES OF AMERICA

Appellee,

v.

TERRELL ARMSTEAD

Appellant.

APPEAL FROM THE UNITED STATES
DISTRIC COURT FOR THE DISTRICT OF COLUMBIA

Criminal Division

_____

**APPENDIX**

_____

Jonathan Zucker, #384629
37 Florida Avenue, NE
Suite 200
Washington, DC 20002
(202)624-0784
jonathanzuckerlaw@gmail.com

*Counsel for Appellant*
(Appointed by the Court)

District Court
Crim. No. 19-cr-369 (APM)

TABLE OF CONTENTS

Docket (19-cr-369 (APM)......................................................................................1

Criminal Complaint
    Filed May 1, 2019 (dkt 1) ................................................................................9

Indictment
    Filed November 1, 2019 (dkt 23)....................................................................10

Trial Proceedings
    On February 26, 2020 a.m. (dkt 97) ...............................................................16

Trial Proceedings
    On March 6, 2020 p.m. (dkt 111)....................................................................21

Trial Proceedings
    On March 10, 2020 p.m. (dkt 113) .................................................................24

Trial Proceedings
    On March 11, 2020 a.m. (dkt 114) .................................................................35

Trial Proceedings
     On March 13, 2020 p.m. (dkt 116) ................................................................65

Trial Proceedings
    On March 16, 2020 a.m. (dkt 117) .................................................................80

Verdict Form
    Filed March 16, 2020 (dkt 90) ........................................................................99

Judgment In A Criminal Case
    Filed July 28, 2022 (dkt 155)........................................................................102

Notice of Appeal
    Filed July 28, 2022 (dkt 157)........................................................................110

**U.S. District Court**
**District of Columbia (Washington, DC)**
**CRIMINAL DOCKET FOR CASE #: 1:19-cr-00369-APM-1**

Case title: USA v. ARMSTEAD                                                    Date Filed: 11/01/2019

Magistrate judge case number: 1:19-mj-00119-GMH

---

Assigned to: Judge Amit P. Mehta

Appeals court case number: 22-3052

**Defendant (1)**

| | |
|---|---|
| **TERRELL ARMSTEAD**<br>*also known as*<br>RELL<br>*also known as*<br>SUPREME 16 | represented by **Jonathan Seth Zucker**<br>LAW OFFICES OF JONATHAN ZUCKER<br>37 Florida Avenue, NE<br>Suite 200<br>Washington, DC 20002<br>(202) 624-0784<br>Fax: (202) 609-9653<br>Email: jonathanzuckerlaw@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Richard Steven Stern**<br>LAW OFFICES OF RICHARD S. STERN<br>932 Hungerford Drive<br>Suite 37A<br>Rockville, MD 20850<br>(301) 340-8000<br>Email: rssjrg@erols.com<br>*TERMINATED: 05/06/2019*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1591(a)(1), (a)(2), and (b)(1); SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION; Sex Trafficking by Force, Fraud, and Coercion<br>(1) | Dismissed on Oral Motion of the Government. |
| 18:1591(a)(1), (a)(2), and (b)(1); SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION; Sex Trafficking by Force, Fraud, and Coercion<br>(2) | Sentenced to 276 months of incarceration and 240 months of supervised release. Special assessment imposed in the amount of $100 as this count. These terms of incarceration and supervised release shall run concurrent with the terms imposed in 1:18-cr-00357-APM-1. |
| 18:1591(a)(1), (a)(2), and (b)(2); SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION; Sex Trafficking of a Minor<br>(3) | Dismissed on Oral Motion of the Government. |
| 18:1594(c); CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION; Conspiracy to Sex Traffic a Minor<br>(4) | Dismissed on Oral Motion of the Government. |
| 18:2422(a); COERCION OR ENTICEMENT OF FEMALE; Coercion and Enticement<br>(5) | Dismissed on Oral Motion of the Government. |
| 18:2421(a); TRANSPORTING FOR PROSTITUTION; Transportation<br>(6) | Dismissed on Oral Motion of the Government. |
| 18:1952(a)(3)(A); RACKETEERING - TRANSPORTING IN AID OF; Interstate Travel and Transportation in Aid of Racketeering<br>(7) | Dismissed on Oral Motion of the Government. |
| 18:1591(d); SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION; Obstruction of Enforcement of Title 18 U.S.C. Section 1591<br>(8) | Dismissed on Oral Motion of the Government. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of: 18:1591(a)(1); 18:1591; 18:1591(d) | |

---

**Plaintiff**

| | |
|---|---|
| **USA** | represented by **Amy Elizabeth Larson**<br>UNITED STATES ATTORNEY'S OFFICE<br>555 4th Street, NW<br>Washington, DC 20530<br>(202) 252-7863<br>Email: amy.larson2@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney*<br><br>**Andrea Lynn Hertzfeld**<br>U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252-7808<br>Fax: (202) 353-7634<br>Email: andrea.hertzfeld@usdoj.gov<br>*TERMINATED: 11/26/2019*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney*<br><br>**Kenya Khalelah Davis**<br>BOISE SCHILLER FLEXNER, LLP<br>1401 New York Avenue NW<br>Suite 1100<br>Washington, DC 20005<br>202-237-2727<br>Email: kdavis@bsfllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney* |

Page 1

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2019 | 1 | COMPLAINT as to TERRELL ARMSTEAD (1). (Attachment: # 1 Text of Proposed Order) (ztl) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | | Case unsealed as to TERRELL ARMSTEAD (ztl) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | | Arrest of TERRELL ARMSTEAD (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | 2 | Arrest Warrant Returned Executed on 05/02/19 as to TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | | ORAL MOTION to Appoint Counsel by TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | | ORAL MOTION for Temporary Detention by USA as to TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Initial Appearance as to TERRELL ARMSTEAD held on 5/2/2019. Oral Motion to Appoint Counsel by TERRELL ARMSTEAD (1) heard and granted. Oral Motion by the Government for Temporary Detention (3 day 10 day hold) as to TERRELL ARMSTEAD (1) heard and granted. Routine Processing Order submitted and signed by the Court. Preliminary/Detention Hearing for 5/7/2019 at 01:45 PM in Courtroom 5 before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant held without bond;Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 5 [2:23:29-2:34:56]; Defense Attorney: David Bos for Richard Stern; US Attorney: Kenya Davis; Pretrial Officer: Masharia Holman; (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | 3 | ORDER FOR ROUTINE PROCESSING as to TERRELL ARMSTEAD. Signed by Magistrate Judge G. Michael Harvey on 05/02/19. (ldc) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/02/2019 | 6 | CJA 23 Financial Affidavit as to TERRELL ARMSTEAD. This document is unavailable due to E-Government Act. Signed by Magistrate Judge G. Michael Harvey on 5/2/19. (ztl) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/03/2019 | 4 | NOTICE OF ATTORNEY APPEARANCE Andrea Lynn Hertzfeld appearing for USA. (Hertzfeld, Andrea) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/03/2019 | 5 | PRETRIAL SERVICES REPORT as to TERRELL ARMSTEAD This document is for informational purposes only. No action is requested.(Holman, Masharia) [1:19-mj-00119-GMH] (Entered: 05/03/2019) |
| 05/06/2019 | 7 | NOTICE OF ATTORNEY APPEARANCE: Jonathan Seth Zucker appearing for TERRELL ARMSTEAD (Zucker, Jonathan) [1:19-mj-00119-GMH] (Entered: 05/06/2019) |
| 05/06/2019 | 8 | JOINT MOTION to Continue by USA as to TERRELL ARMSTEAD. (Attachments: # 1 Text of Proposed Order)(Davis, Kenya) Modified Title on 5/7/2019 (ztl). [1:19-mj-00119-GMH] (Entered: 05/06/2019) |
| 05/06/2019 | 9 | ORDER granting 8 Motion to Continue Preliminary/Detention Hearing and for Speedy Trial Waiver excluding time from 05/07/19-05/09/19 as to TERRELL ARMSTEAD (1). Set/Reset Hearings as to TERRELL ARMSTEAD; Preliminary/Detention Hearing continued to 5/9/2019 at 01:45 PM in Courtroom 5 before Magistrate Judge G. Michael Harvey. Signed by Magistrate Judge G. Michael Harvey on 05/06/19. (ldc) [1:19-mj-00119-GMH] (Entered: 05/07/2019) |
| 05/06/2019 | 10 | JOINT MOTION to Exclude Time from Speedy Trial Act Calculation by USA, TERRELL ARMSTEAD as to TERRELL ARMSTEAD. (See Docket Entry 8 to View Document.) (ztl) [1:19-mj-00119-GMH] (Entered: 05/08/2019) |
| 05/09/2019 | | JOINT ORAL MOTION to Continue Preliminary/Detention Hearing, JOINT ORAL MOTION for Speedy Trial Waiver by USA as to TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 05/09/2019) |
| 05/09/2019 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Status Hearing as to TERRELL ARMSTEAD held on 5/9/2019. Case called for Preliminary/Detention Hearing, but not held. Parties continue to discuss a plea agreement. Joint Oral Motion to Continue Preliminary/Detention Hearing and for Speedy Trial Waiver excluding time from 5/9/19 - 6/20/19 (42 days) in the interest of justice X-T as to TERRELL ARMSTEAD (1) heard and granted. Preliminary/Detention Hearing continued to 6/20/2019 at 01:45 PM in Courtroom 7 before Magistrate Judge Robin M. Meriweather. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 5 [2:06:30-2:12:45]; Defense Attorney: Jonathan Zucker; US Attorney: Andrea Hertzfeld, Kenya Davis; Pretrial Officer: Christine Schuck; (ldc) [1:19-mj-00119-GMH] (Entered: 05/09/2019) |
| 05/09/2019 | 11 | ORDER TO CONTINUE - Ends of Justice as to TERRELL ARMSTEAD Time excluded from 5/9/19 until 6/20/19. Signed by Magistrate Judge G. Michael Harvey on 5/9/19. (ldc) [1:19-mj-00119-GMH] (Entered: 05/09/2019) |
| 06/20/2019 | | JOINT MOTION by Defendant TERRELL ARMSTEAD and USA to Continue Preliminary/Detention Hearing to 7/22/19 at 2:00 PM before Magistrate Judge Deborah A. Robinson and to Exclude Time Under the Speedy Trial Act Until 7/22/19. (kk) [1:19-mj-00119-GMH] (Entered: 07/17/2019) |
| 06/20/2019 | | Minute Entry for Status Hearing as to TERRELL ARMSTEAD held before Magistrate Judge Robin M. Meriweather on 6/20/19 : Case called for Preliminary/Detention Hearing, but not held. Joint Oral Motion by Defendant and USA to Continue Preliminary/Detention Hearing to 7/22/19 at 2:00 PM before Magistrate Judge Deborah A. Robinson in Courtroom 4, and to Exclude Time, in the interest of justice, for purposes of any computation Under the Speedy Trial Act Until 7/22/19, heard and granted. Bond Status of Defendant: Defendant committed/commitment issued. Court Reporter: FTR Gold - Ctrm. 7; FTR Time Frame: 2:26:37 - 2:29:11. Defense Attorney: Jonathan Zucker; U.S. Attorneys: Andrea Hertzfeld and Kenya Davis; Pretrial Officer: John Copes. (kk) [1:19-mj-00119-GMH] (Entered: 07/17/2019) |
| 06/21/2019 | 12 | NOTICE OF DISCOVERY by USA as to TERRELL ARMSTEAD (Attachments: # 1 Attachment A)(Hertzfeld, Andrea) [1:19-mj-00119-GMH] (Entered: 06/21/2019) |
| 07/22/2019 | | JOINT ORAL MOTION to Continue Preliminary/Detention Hearing, JOINT ORAL MOTION for Speedy Trial Waiver by USA as to as to TERRELL ARMSTEAD. (ztl) [1:19-mj-00119-GMH] (Entered: 07/23/2019) |
| 07/22/2019 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Hearing as to TERRELL ARMSTEAD held on 7/22/2019. Case called for Preliminary/Detention Hearing but was not held. Joint Oral Motion to Continue Preliminary/Detention Hearing and Joint Oral Motion for Speedy Trial Waiver excluding time from 07/22/2019-08/02/2019 (9 days) in the interest of justice X-T, by TERRELL ARMSTEAD and the Government, (1) heard and granted. Preliminary/Detention Hearing set for 8/2/2019 at 01:45 PM in Courtroom 6 before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 4; [2:14:26-2:18:03]; Defense Attorney: Jonathan Zucker; US Attorney: Andrea Hertzfeld and Kenya Davis; Pretrial Officer: Andre Sidbury. (ztl) [1:19-mj-00119-GMH] (Entered: 07/23/2019) |
| 07/22/2019 | 13 | ORDER TO CONTINUE - Ends of Justice as to TERRELL ARMSTEAD. Time excluded from 7/22/19 until 8/2/19. Signed by Magistrate Judge Deborah A. Robinson on 7/22/19. (ztl) [1:19-mj-00119-GMH] (Entered: 07/24/2019) |
| 07/30/2019 | 14 | Unopposed MOTION for Protective Order by USA as to TERRELL ARMSTEAD. (Attachments: # 1 Text of Proposed Order)(Davis, Kenya) [1:19-mj-00119-GMH] (Entered: 07/30/2019) |
| 08/01/2019 | 15 | NOTICE OF DISCOVERY by USA as to TERRELL ARMSTEAD re 12 Notice (Other) (Attachments: # 1 Attachment A)(Davis, Kenya) [1:19-mj-00119-GMH] (Entered: 08/01/2019) |
| 08/01/2019 | | MINUTE ORDER granting 14 Motion for Protective Order as to TERRELL ARMSTEAD (1). So Ordered by Magistrate Judge Deborah A. Robinson on 8/1/2019. (lcdar1) [1:19-mj-00119-GMH] (Entered: 08/01/2019) |
| 08/02/2019 | 16 | PRETRIAL SERVICES REPORT as to TERRELL ARMSTEAD This document is for informational purposes only. No action is requested.(Sidbury, Andre) [1:19-mj-00119-GMH] (Entered: 08/02/2019) |
| 08/02/2019 | | JOINT ORAL MOTION to Continue Preliminary/Detention Hearing, JOINT ORAL MOTION for Speedy Trial Waiver by TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 08/02/2019) |
| 08/02/2019 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Status Hearing as to TERRELL ARMSTEAD held on 8/2/2019. Case called for Preliminary/Detention Hearing but was not held. Parties to discuss a plea agreement. Joint Oral Motion to Continue Preliminary/Detention Hearing and Joint Oral Motion for Speedy Trial Waiver excluding time from 08/02/19-08/21/19 in the interest of justice X-T as to TERRELL ARMSTEAD (1) heard and granted. Preliminary/Detention Hearing continued to 8/21/2019 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 6 [2:16:49-2:20:40]; Defense Attorney: Jonathan Zucker; US Attorney: Andrea Hertzfeld, Kenya Davis; Pretrial Officer: John Copes; (ldc) [1:19-mj-00119-GMH] (Entered: 08/02/2019) |
| 08/02/2019 | 17 | ORDER TO CONTINUE - Ends of Justice as to TERRELL ARMSTEAD Time excluded from 08/02/19 until 08/21/19. Signed by Magistrate Judge G. Michael Harvey on 08/02/19. (ldc) [1:19-mj-00119-GMH] (Entered: 08/02/2019) |
| 08/21/2019 | | JOINT ORAL MOTION to Continue Preliminary/Detention Hearing, JOINT ORAL MOTION for Speedy Trial Waiver by TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 08/21/2019) |
| 08/21/2019 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Hearing as to TERRELL ARMSTEAD held on 8/21/2019. Case called for Preliminary/Detention Hearing but was not held. Parties continue to discuss a plea agreement. Joint Oral Motion to Continue Preliminary/Detention Hearing and Joint Oral Motion for Speedy Trial Waiver excluding time from 08/21/19-08/29/19 (8 days) in the interest of justice X-T as to TERRELL ARMSTEAD (1) heard and granted. Preliminary/Detention Hearing continued to 8/29/2019 at 11:30 AM in Courtroom 6 before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 4 [2:03:47-2:07:30]; Defense Attorney: Jonathan Zucker; US Attorney: Kenya Davis; Pretrial Officer: Masharia Holman; (ldc) [1:19-mj-00119-GMH] (Entered: 08/21/2019) |
| 08/21/2019 | 18 | ORDER TO CONTINUE - Ends of Justice as to TERRELL ARMSTEAD. Time excluded from 08/21/19 until 08/29/19. Signed by Magistrate Judge Deborah A. Robinson on 08/21/19. (ldc) [1:19-mj-00119-GMH] (Entered: 08/21/2019) |
| 08/26/2019 | 19 | NOTICE OF DISCOVERY by USA as to TERRELL ARMSTEAD (Attachments: # 1 Attachment A)(Hertzfeld, Andrea) [1:19-mj-00119-GMH] (Entered: 08/26/2019) |
| 08/29/2019 | | JOINT ORAL MOTION to Continue Preliminary/Detention Hearing, JOINT ORAL MOTION for Speedy Trial Waiver by TERRELL ARMSTEAD. (ldc) [1:19-mj-00119-GMH] (Entered: 08/29/2019) |
| 08/29/2019 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Status Hearing as to TERRELL ARMSTEAD held on 8/29/2019. Case called for Preliminary/Detention Hearing but was not held. Parties continue to discuss a plea agreement. Joint Oral Motion to Continue Preliminary/Detention Hearing and Joint Oral Motion for Speedy Trial Waiver excluding time from 08/29/19-10/8/19 (40 days) as to TERRELL ARMSTEAD (1) heard and granted. Preliminary/Detention Hearing continued to 10/8/2019 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Bond Status of Defendant: Defendant Committed/Commtiment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 6 [12:16:15-12:20:19]; Defense Attorney: Jonathan Zucker; US Attorney: Andrea Hertzfeld; Pretrial Officer: John Copes; (ldc) [1:19-mj-00119-GMH] (Entered: 08/29/2019) |
| 08/29/2019 | 20 | ORDER TO CONTINUE - Ends of Justice as to TERRELL ARMSTEAD. Time excluded from 08/29/19 until 10/08/19. Signed by Magistrate Judge G. Michael Harvey on 08/29/19. (ldc) [1:19-mj-00119-GMH] (Entered: 08/29/2019) |
| 10/08/2019 | | ORAL MOTION to Continue Preliminary/Detention Hearing and ORAL MOTION to Appoint Counsel by TERRELL ARMSTEAD. (ztl) [1:19-mj-00119-GMH] (Entered: 10/09/2019) |
| 10/08/2019 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Preliminary/Detention Hearing as to TERRELL ARMSTEAD held on 10/8/2019. Oral Motion to Continue Preliminary/Detention Hearing by TERRELL ARMSTEAD (1); heard and granted. Oral Motion to Appoint Jonathan Zucker as CJA as to TERRELL ARMSTEAD (1); heard and granted. Continued consolidated Preliminary/Detention Hearing set for 10/10/2019 at 02:30 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 4 [3:13:54-3:49:42] [3:49:42-4:11:03] [4:11:03-4:13:46]; Defense Attorney: Jonathan Zucker; US Attorney: Kenya Davis; Pretrial Officer: Christine Schuck; Witnesses: Jeremiah Johnson. (ztl) [1:19-mj-00119-GMH] (Entered: 10/09/2019) |
| 10/10/2019 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to TERRELL ARMSTEAD. (ztl) [1:19-mj-00119-GMH] (Entered: 10/11/2019) |
| 10/10/2019 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Preliminary Hearing as to TERRELL ARMSTEAD held on 10/10/2019. Case called for Detention Hearing but was not held as to TERRELL ARMSTEAD. Defendant concedes to detention and waives written findings of facts and conclusions of law as to Pretrial Detention. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to TERRELL ARMSTEAD (1); heard and granted. Defendant TERRELL ARMSTEAD Held for the Grand Jury - Probable Cause Shown. Exhibits by the Government and Defense Counsel was submitted and received into evidence. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 4 [4:04:19-4:51:32]; Defense Attorney: Jonathan Zucker; US Attorney: Kenya Davis; Pretrial Officer: John Copes. Witnesses:Detective Jeremiah Johnson. (ztl) [1:19-mj-00119-GMH] (Entered: 10/11/2019) |
| 10/10/2019 | 21 | EXHIBIT LIST by USA as to TERRELL ARMSTEAD. (ztl) [1:19-mj-00119-GMH] (Entered: 10/11/2019) |
| 10/10/2019 | 22 | EXHIBIT LIST by TERRELL ARMSTEAD. (ztl) [1:19-mj-00119-GMH] (Entered: 10/11/2019) |
| 11/01/2019 | 23 | INDICTMENT as to TERRELL ARMSTEAD (1) count(s) 1-2, 3, 4, 5, 6, 7, 8. (FORFEITURE ALLEGATION) (zed, ) (Entered: 11/04/2019) |
| 11/05/2019 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Arraignment set for 11/8/2019 at 10:15 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 11/05/2019) |
| 11/08/2019 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Arraignment as to TERRELL ARMSTEAD held on 11/8/2019. Plea of Not Guilty entered on Counts 1-8. Pretrial Conference set for 1/2/2020 at 2:00 PM in Courtroom 10 before Judge Amit P. Mehta. Jury Trial set for 1/6/2020 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorney: Andrea Hertzfeld. (zjd) (Entered: 11/08/2019) |
| 11/12/2019 | 24 | PRETRIAL ORDER. Trial is set to commence in this matter on January 6, 2020, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) parties shall file their pretrial motions by November 19, 2019; oppositions, if any, shall be filed by December 3, 2019; and replies, if any, shall be filed by December 10, 2019; (2) the United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by December 9, 2019; (3) motions in limine shall be filed by December 16, 2019; any oppositions shall be filed by December 23, 2019; any replies shall be filed by December 30, 2019; (4) the United States should endeavor to make grand jury and Jencks Act disclosures as each witness it expects to call by December 30, 2019, and any Brady material not already disclosed also must be disclosed by this date; (5) counsel shall file a Joint Pretrial Statement by December 23, 2019; (6) counsel shall appear on December 12, 2019, at 10:00 a.m., in Courtroom 10 for a hearing on pretrial motions, if necessary; and (7) counsel shall appear on January 2, 2020, at 2:00 p.m. for a Pretrial Conference. See the attached Order and Appendix for details. Signed by Judge Amit P. Mehta on 11/12/2019. (lcapm1) (Entered: 11/12/2019) |
| 11/14/2019 | 25 | MOTION to Continue by USA as to TERRELL ARMSTEAD. (Attachments: # 1 Text of Proposed Order)(Davis, Kenya) (Entered: 11/14/2019) |
| 11/14/2019 | | MINUTE ORDER. The parties shall appear for a hearing on November 19, 2019, at 10:15 AM in Courtroom 10 to address the Government's 25 Motion for Continuance. Signed by Judge Amit P. Mehta on 11/14/2019. (lcapm1) (Entered: 11/14/2019) |

USCA Case #22-3052     Document #1983680     Filed: 01/30/2023     Page 4 of 113

USCA Case #22-3052      Document #1983680      Filed: 01/30/2023      Page 5 of 113

| 11/14/2019 | 26 | NOTICE OF ATTORNEY APPEARANCE Amy Elizabeth Larson appearing for USA. (Larson, Amy) (Entered: 11/14/2019) |
|---|---|---|
| 11/14/2019 | | Set/Reset Deadlines/Hearings as to TERRELL ARMSTEAD: Motions due by 11/19/2019. Oppositions due by 12/3/2019. Reply due by 12/10/2019. Motions in Limine due by 12/16/2019. Joint Pretrial Statement due by 12/23/2019. Motion Hearing set for 12/12/2019 at 10:00 AM in Courtroom 11 before Judge Amit P. Mehta. Status Conference set for 11/19/2019 at 10:15 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 11/15/2019) |
| 11/14/2019 | 28 | MOTION for Exclusion of Time from Calculation Under the Speedy Trial Act by USA as to TERRELL ARMSTEAD. (See Docket Entry 25 to View Document). (bsp) (Entered: 11/20/2019) |
| 11/19/2019 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 11/19/2019. Oral Order of the Court denying without prejudice 25 Motion for Continuance, for the reasons stated on the record. Government's Expert Disclosures due by 12/6/2019. Rebuttal Disclosures due by 12/13/2019. The Government shall identify any recorded jailhouse calls that it intends to use in its case in chief by 12/16/2019. In the event that no pretrial motions are filed, Status Conference set for 12/12/2019 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 11/19/2019) |
| 11/19/2019 | 27 | MOTION for Release of Brady Materials by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 11/19/2019) |
| 11/26/2019 | 29 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to TERRELL ARMSTEAD (Hertzfeld, Andrea) (Entered: 11/26/2019) |
| 12/06/2019 | 30 | NOTICE *OF EXPERT WITNESS AND SUMMARY OF EXPERT TESTIMONY* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Exhibit 1)(Davis, Kenya) (Entered: 12/06/2019) |
| 12/06/2019 | 31 | NOTICE *OF EXPERT WITNESS AND SUMMARY OF EXPERT TESTIMONY* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Exhibit 1)(Davis, Kenya) (Entered: 12/06/2019) |
| 12/06/2019 | 32 | ENTERED IN ERROR.....NOTICE *of Witness Testimony* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Exhibit)(Larson, Amy) Modified on 12/10/2019 (zed, ). (Entered: 12/06/2019) |
| 12/10/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: as to TERRELL ARMSTEAD re 32 Notice (Other) was entered in error because the incorrect case number is included on header of filing and counsel is instructed to refile said pleading. (zed, ) (Entered: 12/10/2019) |
| 12/10/2019 | 33 | Unopposed MOTION to Continue *Status Hearing* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 12/10/2019) |
| 12/11/2019 | | MINUTER ORDER granting 33 Unopposed Motion to Continue as to TERRELL ARMSTEAD. The parties are directed to appear for a status hearing on December 13, 2019, at 9:45 AM in Courtroom 10. Signed by Judge Amit P. Mehta on 12/11/2019. (lcapm1) (Entered: 12/11/2019) |
| 12/11/2019 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Status Conference set for 12/13/2019 at 9:45 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 12/11/2019) |
| 12/11/2019 | 34 | NOTICE *of Intent to Call Witness and Summary of Testimony* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Exhibit A)(Larson, Amy) (Entered: 12/11/2019) |
| 12/13/2019 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 12/13/2019. Telephone Conference set for 12/17/2019 at 4:00 PM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 12/13/2019) |
| 12/13/2019 | | MINUTE ORDER as to TERRELL ARMSTEAD. With respect to the government's request for an order directing Defendant to have no contact with complainant S.B., the court directs the parties' attention to 18 U.S.C. 1514(b). That statute sets forth the standards and procedural requirements for securing the relief the government requests. Signed by Judge Amit P. Mehta on 12/13/2019. (lcapm1) Modified to include defendant's name on 1/3/2020 (zjd). (Entered: 12/13/2019) |
| 12/13/2019 | 35 | MOTION to Exclude *Expert Testimony* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 12/13/2019) |
| 12/16/2019 | 36 | First MOTION for 404(b) Evidence by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 12/16/2019) |
| 12/16/2019 | 37 | First MOTION in Limine *to Admit Evidence Pursuant to Fed. R. Evid. 803(6) and 902(11)* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 12/16/2019) |
| 12/16/2019 | 38 | NOTICE of Jail Calls by USA as to TERRELL ARMSTEAD. (Davis, Kenya) Modified event type on 12/17/2019 (zjd). (Entered: 12/16/2019) |
| 12/16/2019 | 39 | NOTICE by USA as to TERRELL ARMSTEAD (Davis, Kenya) (Entered: 12/16/2019) |
| 12/16/2019 | 40 | MOTION in Limine by USA as to TERRELL ARMSTEAD. (Davis, Kenya) (Entered: 12/16/2019) |
| 12/17/2019 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Telephone Conference as to TERRELL ARMSTEAD held on 12/17/2019. Joint Submission Regarding Speedy Trial due by 12/20/2019. Bond Status of Defendant: presence waived; defendant remains committed. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 12/17/2019) |
| 12/20/2019 | 41 | Joint MOTION for Speedy Trial *Calculation* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 12/20/2019) |
| 12/20/2019 | 42 | Amended MOTION for Speedy Trial *Calculation by the Parties* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 12/20/2019) |
| 12/20/2019 | 43 | Memorandum in Opposition by USA as to TERRELL ARMSTEAD re 35 MOTION to Exclude *Expert Testimony of Government Witnesses* (Larson, Amy) (Entered: 12/20/2019) |
| 12/20/2019 | 44 | REVISED PRETRIAL ORDER as to TERRELL ARMSTEAD. Trial is now set to commence in this matter on February 24, 2020, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) parties shall file their pretrial motions by November 19, 2019; oppositions, if any, shall be filed by December 3, 2019; and replies, if any, shall be filed by December 10, 2019; (2) the United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by December 9, 2019; (3) motions in limine shall be filed by December 16, 2019; oppositions shall be filed by January 7, 2020; any replies shall be filed by January 17, 2020; (4) the United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call by February 17, 2020, and any Brady material not already disclosed also must be disclosed by this date; (5) counsel shall file a Joint Pretrial Statement by February 10, 2020; (6) counsel shall appear on January 31, 2020, at 2:00 p.m., in Courtroom 10 for a hearing on pretrial motions; and (7) counsel shall appear on February 14, 2020, at 2:00 p.m. for a Pretrial Conference. See the attached Order for details. Signed by Judge Amit P. Mehta on 12/20/2019. (lcapm1) Modified to include defendant's name on 1/3/2020 (zjd). (Entered: 12/20/2019) |
| 12/20/2019 | | Set/Reset Deadlines/Hearings as to TERRELL ARMSTEAD: Oppositions to motions in limine due by 1/7/2020. Replies due by 1/17/2020. Joint Pretrial Statement due by 2/10/2020. Motion Hearing set for 1/31/2020 at 2:00 PM, Pretrial Conference set for 2/14/2020 at 2:00 PM, Jury Trial set for 2/24/2020 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 12/26/2019) |
| 12/30/2019 | 45 | MOTION to Modify *by Advancing Scheduled Trial Date* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 12/30/2019) |
| 01/03/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD granting Defendant's 45 Motion to Advance Trial Date. Because of the court's schedule, it cannot start a trial on or before February 20, 2020. Jury selection therefore shall commence on February 21, 2020, instead of February 24, 2020. Signed by Judge Amit P. Mehta on 1/3/2020. (lcapm1) Modified on 1/8/2020 (zjd). (Entered: 01/03/2020) |
| 01/06/2020 | 46 | MOTION for Protective Order by USA as to TERRELL ARMSTEAD. (Attachments: # 1 Text of Proposed Order)(Davis, Kenya) (Entered: 01/06/2020) |
| 01/06/2020 | 47 | ORDER as to TERRELL ARMSTEAD granting 46 Motion for Protective Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/6/2020. (lcapm1) Modified on 1/8/2020 (zjd). (Entered: 01/06/2020) |
| 01/07/2020 | 48 | Memorandum in Opposition by TERRELL ARMSTEAD re 36 First MOTION for 404(b) Evidence (Zucker, Jonathan) (Entered: 01/07/2020) |
| 01/07/2020 | 49 | MOTION to Dismiss Count *'s 3, 4 and 5* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 01/07/2020) |
| 01/07/2020 | 50 | Memorandum in Opposition by USA as to TERRELL ARMSTEAD re 27 MOTION for Release of Brady Materials (Davis, Kenya) (Entered: 01/07/2020) |
| 01/09/2020 | 52 | TRANSCRIPT OF PROCEEDINGS in case as to TERRELL ARMSTEAD before Magistrate Judge Deborah A. Robinson held on 10/08/2019; Page Numbers: 1-37. Date of Issuance: 01/09/202. Court Reporter Transcriber: Nancy J. Meyer, Telephone Number (202) 354-3118, Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 1/30/2020. Redacted Transcript Deadline set for 2/9/2020. Release of Transcript Restriction set for 4/8/2020.(Meyer, Nancy) (Entered: 01/09/2020) |
| 01/09/2020 | 53 | TRANSCRIPT OF PROCEEDINGS in case as to TERRELL ARMSTEAD before Magistrate Judge Deborah A. Robinson held on 10/10/2019; Page Numbers: 38-79. Date of Issuance: 01/09/2020. Court Reporter Transcriber: Nancy J.Meyer, Telephone Number: (202) 354-3118, Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a publi c terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 1/30/2020. Redacted Transcript Deadline set for 2/9/2020. Release of Transcript Restriction set for 4/8/2020.(Meyer, Nancy) (Entered: 01/09/2020) |
| 01/13/2020 | 54 | NOTICE *OF DISCOVERY* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C, # 4 Attachment D)(Larson, Amy) (Entered: 01/13/2020) |
| 01/17/2020 | 55 | REPLY TO OPPOSITION to Motion by USA as to TERRELL ARMSTEAD re 36 First MOTION for 404(b) Evidence (Attachments: # 1 Exhibit)(Larson, Amy) (Entered: 01/17/2020) |
| 01/17/2020 | 56 | Memorandum in Opposition by USA as to TERRELL ARMSTEAD re 49 MOTION to Dismiss Count *'s 3, 4 and 5* (Attachments: # 1 Exhibit)(Davis, Kenya) (Entered: 01/17/2020) |
| 01/28/2020 | 57 | NOTICE *OF DISCOVERY* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Discovery Letter)(Larson, Amy) (Entered: 01/28/2020) |
| 01/29/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. The pretrial motions hearing is hereby rescheduled for January 31, 2020, at 1:00 p.m., in Courtroom 10. Signed by Judge Amit P. Mehta on 1/29/2020. (lcapm1) (Entered: 01/29/2020) |
| 01/29/2020 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Pretrial Motions Hearing reset to 1/31/2020 at 1:00 PM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 01/30/2020) |
| 01/31/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Motion Hearing as to TERRELL ARMSTEAD held on 1/31/2020 re 27 , 35 , 36 , 37 , and 49 Pretrial Motions. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker and Peter Wright. US Attorney: Kenya Davis. (zjd) (Entered: 01/30/2020) |
| 02/03/2020 | 58 | OMNIBUS ORDER as to TERRELL ARMSTEAD, ruling on the parties' pretrial motions. The court denies as moot Defendant's 27 Motion for Release of Brady Materials; denies without prejudice the Defendant's 49 Motion to Dismiss Counts 3, 4, and 5; denies Defendant's 35 Motion to Exclude Expert Testimony; grants in part, denies in part, and defers in part the Government's 36 Motion to Introduce 404(b)/609 Evidence; grants the Government's 37 Motion in Limine to Introduce Evidence Pursuant to Rule 803(6) and 902(11); grants the Government's 40 Motion to Admit Electronic Communications; and denies without prejudice the Government's [51-1] Motion for Order Prohibiting Contact. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/3/2020. (lcapm1) (Entered: 02/03/2020) |
| 02/10/2020 | 59 | NOTICE *of Discovery* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Discovery Letter)(Larson, Amy) (Entered: 02/10/2020) |
| 02/11/2020 | 60 | Consent MOTION for Extension of Time to File by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 02/11/2020) |
| 02/11/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD granting the United States' 60 Consent Motion for Extension of Time. The parties shall file their Joint Pretrial Statement no later than February 13, 2020, at 12:00 PM. Signed by Judge Amit P. Mehta on 2/11/2020. (lcapm1) (Entered: 02/11/2020) |
| 02/11/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Joint Pretrial Statement due by 2/13/2020 at 12:00 PM. (zjd) (Entered: 02/11/2020) |
| 02/12/2020 | 61 | NOTICE *of Discovery* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Discovery Letter)(Larson, Amy) (Entered: 02/12/2020) |
| 02/13/2020 | 62 | STATEMENT OF CASE by USA as to TERRELL ARMSTEAD (Larson, Amy) (Entered: 02/13/2020) |

USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 6 of 113

| Date | Doc # | Description |
|---|---|---|
| 02/13/2020 | 63 | NOTICE *of Discovery* by USA as to TERRELL ARMSTEAD (Attachments: # 1 Discovery Letter)(Larson, Amy) (Entered: 02/13/2020) |
| 02/13/2020 | 64 | MOTION to Dismiss Count *'s 3 and 4* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 02/13/2020) |
| 02/14/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference as to TERRELL ARMSTEAD held on 2/14/2020. Government's Opposition to 64 Motion to Dismiss Counts 3 and 4 due by 2/19/2020. Proposed Voir Dire due by 2/19/2020. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 02/14/2020) |
| 02/19/2020 | 68 | PROPOSED VERDICT FORM as to TERRELL ARMSTEAD (Davis, Kenya) (Entered: 02/19/2020) |
| 02/19/2020 | 69 | RESPONSE by USA as to TERRELL ARMSTEAD re 64 MOTION to Dismiss Count *'s 3 and 4* (Davis, Kenya) (Entered: 02/19/2020) |
| 02/20/2020 | 70 | REPLY TO OPPOSITION to Motion by TERRELL ARMSTEAD re 64 MOTION to Dismiss Count *'s 3 and 4* (Zucker, Jonathan) (Entered: 02/20/2020) |
| 02/20/2020 | 71 | Proposed Voir Dire by TERRELL ARMSTEAD (Zucker, Jonathan) (Entered: 02/20/2020) |
| 02/20/2020 | 72 | MOTION for Leave to File Surreply Memorandum by USA as to TERRELL ARMSTEAD re 64 MOTION to Dismiss Count *'s 3 and 4* (Attachments: # 1 Opposition to Armstead Venue Motion)(Davis, Kenya) Modified event and text on 2/25/2020 (zed, ). (Entered: 02/20/2020) |
| 02/21/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Selection as to TERRELL ARMSTEAD held on 2/21/2020. Twelve (12) jurors and two (2) alternates selected but not sworn. Jury Trial set for 2/24/2020 at 9:10 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 02/21/2020) |
| 02/23/2020 | 73 | RESPONSE re 74 MOTION to Continue Trial by USA as to TERRELL ARMSTEAD. (Davis, Kenya) Modified event title and link on 2/26/2020 (znmw). (Entered: 02/23/2020) |
| 02/23/2020 | 74 | MOTION to Continue Trial by TERRELL ARMSTEAD. (zjd) (Entered: 02/24/2020) |
| 02/24/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 2/24/2020. Hearing was called for jury trial but was not held. For the reasons stated on the record, Jury Trial continued to 2/26/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 02/24/2020) |
| 02/24/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. The court has reviewed the redacted 302 of S.J., dated February 21, 2020, submitted for in camera consideration. With one exception, the court concurs with the government's paragraph-long redactions starting at the bottom of page 2; all of page 3; the top and bottom of page 4; the bottom half of page 5; and the carryover text on page 6. This information is appropriately redacted as it concerns S.J.'s relationship with the person identified on page 1, second paragraph, second line and thus is not "material to preparing the defense." Fed. R. Crim. P. 16(1)(E)(i). The government shall, however, disclose the second to last sentence of the third full paragraph on page 3, as that information arguably could be used to impeach S.J., if called as a witness. As for the redacted identity of the person associated with the moniker C.R. (page 5, second paragraph, last line; page 6, number 9), the court does not have the requisite familiarity with the case to determine its relevance. That said, the government should err on the side of disclosure, if the name has any bearing on any fact issue in this case. Signed by Judge Amit P. Mehta on 02/24/2020. (lcapm3) (Entered: 02/24/2020) |
| 02/25/2020 | 76 | First MOTION in Limine *to Protect the Victims' Identities from Disclosure* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 02/25/2020) |
| 02/26/2020 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Jury Trial set for 2/27/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 02/26/2020) |
| 02/26/2020 | 77 | MOTION in Limine by USA as to TERRELL ARMSTEAD. (Davis, Kenya) (Entered: 02/26/2020) |
| 02/26/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 2/26/2020 as to Counts 1-8. One juror dismissed. 12 jurors and 1 alternate juror sworn. 76 Motion in Limine was granted, for the reasons stated on the record. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witnesses: Special Agent Rachel DiMauro, Schyler, Mary. (zjd) (Entered: 02/27/2020) |
| 02/26/2020 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Amit P. Mehta on 2/26/2020. (zjd) (Entered: 02/27/2020) |
| 02/27/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 2/27/2020 as to Counts 1-8. Same jurors (12) and alternate (1). Jury Trial set for 2/28/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witnesses: Mary (cont.), Luz Lopez, Matthew Frost, Special Agent James E. Hardie (expert witness), Jessica. (zjd) (Entered: 02/27/2020) |
| 02/28/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 2/28/2020 as to Counts 1-8. Same jurors (12) and alternate (1). Jury Trial set for 3/2/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witnesses: Detective Herbert Leboo, Jessica (cont.), Erica, Olga. (zjd) (Entered: 02/28/2020) |
| 02/29/2020 | 78 | First MOTION in Limine *to Admit Prior Consistent Statements* by USA as to TERRELL ARMSTEAD. (Attachments: # 1 Exhibit)(Larson, Amy) (Entered: 02/29/2020) |
| 02/29/2020 | 79 | First MOTION in Limine *to Preclude Evidence Pursuant to FRE 412* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 02/29/2020) |
| 03/02/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 3/2/2020 as to Counts 1-8. Same jurors (12) and alternates (1). Oral Order of the Court granting 79 Motion in Limine, for the reasons stated on the record. Jury Trial continued to 3/3/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba (AM) and Lisa Moreira (PM). Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witnesses: Olga (cont.), Detective Daniel Ohr, and Detective Jeremiah Johnson. (zjd) (Entered: 03/02/2020) |
| 03/03/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 3/3/2020 as to Count 1-8. Same jurors (12) and alternates (1). Jury Trial continued to 3/4/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporters: William Zaremba (AM) and Lisa Moreira (PM). Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/03/2020) |
| 03/03/2020 | 80 | ORDER as to TERRELL ARMSTEAD, effective nunc pro tunc to February 17, 2020, appointing Cary Clennon to represent Olga in this matter. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/3/2020. (lcapm1) (Entered: 03/03/2020) |
| 03/04/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta:Jury Trial as to TERRELL ARMSTEAD held on 3/4/2020 as to Counts 1-8. Same jurors (12) and alternates (1). Oral Order of the Court granting Government's Motion concerning judicial notice, for the reasons stated on the record. Jury Trial set for 3/5/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporters: William Zaremba (A.M.) and Lisa Moreira (P.M.). Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witnesses: Sadie (cont.) and Dr. Chitra Raghavan (expert witness). (zjd) (Entered: 03/04/2020) |
| 03/05/2020 | 81 | Draft Jury Instructions as to TERRELL ARMSTEAD. (zjd) (Entered: 03/05/2020) |
| 03/05/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 3/5/2020 as to Counts 1-8. Same jurors (12) and alternate (1). Defendant's Motion for Judgment of Acquittal, pursuant to Rule 29, on all counts was heard and denied for the reasons stated on the record. Jury Trial continued to 3/6/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. Government Witness: Dr. Chitra Raghavan (cont.). (zjd) (Entered: 03/05/2020) |
| 03/06/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial as to TERRELL ARMSTEAD held on 3/6/2020 as to Counts 1-8. Same jurors (12) and alternate (1). Alternate juror dismissed. Jury Deliberation set for 3/9/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) Modified hearing date on 3/8/2020 (zjd). (Entered: 03/08/2020) |
| 03/06/2020 | 92 | Final Jury Instructions as to TERRELL ARMSTEAD. (zjd) (Entered: 03/16/2020) |
| 03/06/2020 | 93 | VERDICT FORM as to TERRELL ARMSTEAD. (zjd) (Entered: 03/16/2020) |
| 03/06/2020 | 94 | EXHIBIT LIST by USA as to TERRELL ARMSTEAD. (zjd) (Entered: 03/16/2020) |
| 03/06/2020 | 95 | EXHIBIT LIST by TERRELL ARMSTEAD. (zjd) (Entered: 03/16/2020) |
| 03/09/2020 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Jury Deliberation set for 3/10/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 03/09/2020) |
| 03/09/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/9/2020. Same jurors (12). Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/11/2020) |
| 03/10/2020 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Jury Deliberation set for 3/11/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 03/10/2020) |
| 03/10/2020 | 82 | Jury Notes (2) as to TERRELL ARMSTEAD. (zjd) (Entered: 03/11/2020) |
| 03/10/2020 | 83 | **Signature Page of Foreperson** as to TERRELL ARMSTEAD in Jury Notes (2). (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court.) (zjd) (Entered: 03/11/2020) |
| 03/10/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/10/2020. Same jurors (12). Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/11/2020) |
| 03/11/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/11/2020. For the reasons stated on the record, Government's 84 Sealed Motion was granted. The juror in seat 10 has been excused for good cause. Deliberations will proceed with eleven jurors. Jury Deliberation set for 3/12/2020 at 1:30 PM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/11/2020) |
| 03/11/2020 | 86 | Jury Note (1) as to TERRELL ARMSTEAD. (zjd) (Entered: 03/12/2020) |
| 03/11/2020 | 87 | **Signature Page of Foreperson** as to TERRELL ARMSTEAD in Jury Note. (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court.) (zjd) (Entered: 03/12/2020) |
| 03/12/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/12/2020. Same jurors (11). Jury Deliberation set for 3/13/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) Modified to include amount of jurors on 3/13/2020 (zjd). (Entered: 03/12/2020) |
| 03/13/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/13/2020. Same jurors (11). Jury Deliberation set for 3/16/2020 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorney: Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/15/2020) |
| 03/13/2020 | 88 | Jury Notes (1) as to TERRELL ARMSTEAD. (zjd) (Entered: 03/15/2020) |
| 03/13/2020 | 89 | **Signature Page of Foreperson** as to TERRELL ARMSTEAD in Jury Note (1). (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court.) (zjd) (Entered: 03/15/2020) |
| 03/16/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Deliberation as to TERRELL ARMSTEAD held on 3/16/2020. Same jurors (11). The juror in seat 13 appeared via videoconference. Jury verdict of guilty on Count 2. The jurors did not reach a verdict on the remaining counts. The Court declares a mistrial on Counts 1 and 3-8. Status Conference set for 3/31/2020 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. Jury Trial set for 5/26/2020 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: committed; commitment issued. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Kenya Davis and Amy Larson. (zjd) (Entered: 03/16/2020) |

USCA Case #22-3052      Document #1983680      Filed: 01/30/2023      Page 7 of 113

| 03/16/2020 | 90 | JURY VERDICT as to TERRELL ARMSTEAD. (zjd) (Entered: 03/16/2020) |
|---|---|---|
| 03/16/2020 | 91 | **Signature Page of Foreperson**<br><br>as to TERRELL ARMSTEAD in Jury Verdict (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court. (zjd) (Entered: 03/16/2020) |
| 03/17/2020 | 96 | ORDER as to TERRELL ARMSTEAD. Please see the attached Standing Order No. 20-9, signed by Chief Judge Howell, In Re: Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic. (lcapm1) (Entered: 03/17/2020) |
| 03/17/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. Consistent with Standing Order No. 20-9, in lieu of an in-person status hearing on March 31, 2020, the parties shall file a Joint Status Report by that date, which advises the court whether the United States intends to re-try Defendant as to any or all counts (other than Count 2). If the United States does not intend to re-try Defendant, the parties shall propose two dates and times for a sentencing hearing to take place during the week of June 22, 2020. Signed by Judge Amit P. Mehta on 3/17/2020. (Entered: 03/17/2020) |
| 03/17/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Joint Status Report due by 3/31/2020. (zjd) (Entered: 03/18/2020) |
| 03/23/2020 | 97 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 1 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 26, 2020; Page Numbers: 1-160. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/23/2020 | 98 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 1 AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 26, 2020; Page Numbers: 1-196. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/23/2020 | 99 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 2 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 27, 2020; Page Numbers: 1-182. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/23/2020 | 100 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 2 AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 27, 2020; Page Numbers: 1-170. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/23/2020 | 101 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 3 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 28, 2020; Page Numbers: 1-179. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/23/2020 | 102 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 3 AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on February 28, 2020; Page Numbers: 1-204. Date of Issuance: March 23, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/13/2020. Redacted Transcript Deadline set for 4/23/2020. Release of Transcript Restriction set for 6/21/2020.(wz) (Entered: 03/23/2020) |
| 03/24/2020 | 103 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 4 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 2, 2020; Page Numbers: 1-152. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 104 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 4 AFTERNOON in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 2, 2020; Page Numbers: 1-153. Date of Issuance:March 24, 2020. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354-3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(Moreira, Lisa) (Entered: 03/24/2020) |
| 03/24/2020 | 105 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 5 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 3, 2020; Page Numbers: 1-177. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 106 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 5 AFTERNOON in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 3, 2020; Page Numbers: 1-159. Date of Issuance:March 24, 2020. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354-3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(Moreira, Lisa) (Entered: 03/24/2020) |
| 03/24/2020 | 107 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 6 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 4, 2020; Page Numbers: 1-169. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 108 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 6 AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 4, 2020; Page Numbers: 1-129. Date of Issuance: March 24, 2020. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354-3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(Moreira, Lisa) (Entered: 03/24/2020) |
| 03/24/2020 | 109 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 7 in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 5, 2020; Page Numbers: 1-92. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 110 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 8 MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 6, 2020; Page Numbers: 1-131. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 111 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS - DAY 8 AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 6, 2020; Page Numbers: 1-150. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 112 | TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS - MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 10, 2020; Page Numbers: 1-23. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 113 | TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS - AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 10, 2020; Page Numbers: 1-27. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 114 | TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS - MORNING SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 11, 2020; Page Numbers: 1-51. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 115 | TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS - AFTERNOON SESSION in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 11, 2020; Page Numbers: 1-12. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 116 | TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 13, 2020; Page Numbers: 1-35. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public termina l or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/24/2020 | 117 | TRANSCRIPT OF JURY DELIBERATIONS AND VERDICT PROCEEDINGS in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on March 16, 2020; Page Numbers: 1-41. Date of Issuance: March 24, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a pub lic terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020.(wz) (Entered: 03/24/2020) |
| 03/30/2020 | 118 | STATUS REPORT by TERRELL ARMSTEAD (Zucker, Jonathan) (Entered: 03/30/2020) |
| 03/30/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. The parties shall file an additional Joint Status Report by April 15, 2020, which updates the court on the need for a retrial of this matter. Per the court's minute order of March 17, 2020, the status hearing originally scheduled for March 31, 2020, is vacated. Additionally, pursuant to 18 U.S.C. 3161(e) and (h), the court, on its own motion, excludes time from March 31, 2020, to April 15, 2020, for purposes of calculating Defendant's speedy trial time. The interests and ends of justice warrant the exclusion and outweigh the interests of the public and Defendant in a speedy trial. Specifically, the exclusion of time is warranted in light of the factors set forth in Standing Order No. 20-9, as well as to afford the parties additional time to resolve this matter short of a retrial. Signed by Judge Amit P. Mehta on 3/30/2020. (lcapm1) (Entered: 03/30/2020) |
| 03/30/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Joint Status Report due by 4/15/2020. (zjd) (Entered: 03/31/2020) |
| 04/03/2020 | 119 | MOTION for Bond *Review for COVID19* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 04/03/2020) |
| 04/03/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. The United States shall file any opposition to Defendant's Motion for Bond Review by April 7, 2020, and any reply shall be filed by April 8, 2020. Signed by Judge Amit P. Mehta on 4/3/2020. (lcapm1) (Entered: 04/03/2020) |
| 04/03/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Government's Opposition due by 4/7/2020. Defendant's Reply due by 4/8/2020. (zjd) (Entered: 04/06/2020) |

| 04/06/2020 | 120 | Memorandum in Opposition by USA as to TERRELL ARMSTEAD re 119 MOTION for Bond *Review for COVID19* (Larson, Amy) (Entered: 04/06/2020) |
|---|---|---|
| 04/10/2020 | 121 | MEMORANDUM OPINION AND ORDER as to TERRELL ARMSTEAD, denying Defendant's 119 Motion for Release. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 4/10/2020. (lcapm1) (Entered: 04/10/2020) |
| 04/15/2020 | 122 | Joint STATUS REPORT by TERRELL ARMSTEAD (Zucker, Jonathan) (Entered: 04/15/2020) |
| 04/15/2020 | 123 | ORDER as to TERRELL ARMSTEAD. Please see the attached Standing Order No. 20-19, signed by Chief Judge Howell, In Re: Extension of Postponed Court Proceedings in Standing Order 20-9. (lcapm1) (Entered: 04/15/2020) |
| 04/15/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. Consistent with Standing Order No. 20-19, the court finds that the interests and ends of justice are best served and outweigh the interests of the public and the defendant in a speedy trial, and accordingly it is ordered that pursuant to the provisions of the Speedy Trial Act of 1974, 18 U.S.C. § 3161, the time from April 16, 2020, through and including June 11, 2020, shall be excluded in computing the date for speedy trial in this case. Signed by Judge Amit P. Mehta on 4/15/2020. (lcapm1) (Entered: 04/15/2020) |
| 04/16/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. Counsel shall appear for a telephonic status hearing on April 20, 2020, at 2:00 PM. The court will provide counsel with dial-in information. Should any member of the public or media require access to the hearing, they should reach out to the Courtroom Deputy, Mr. Douyon, at Jean-Claude_Douyon@dcd.uscourts.gov for further instructions. Signed by Judge Amit P. Mehta on 4/16/2020. (Entered: 04/16/2020) |
| 04/16/2020 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Telephonic Status Conference set for 4/20/2020 at 2:00 PM before Judge Amit P. Mehta. (zjd) (Entered: 04/16/2020) |
| 04/20/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Telephone Conference as to TERRELL ARMSTEAD held on 4/20/2020. The defendant's presence was waived by counsel for this hearing. Telephone Conference set for 5/4/2020 at 2:30 PM before Judge Amit P. Mehta. Jury Trial set for 10/14/2020 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorney: Kenya Davis. (zjd) (Entered: 04/21/2020) |
| 05/04/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Telephone Conference as to TERRELL ARMSTEAD held on 5/4/2020. The defendant's presence for this hearing was waived by counsel. Status Conference set for 6/3/2020 at 10:30 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson and Kenya Davis. (zjd) (Entered: 05/04/2020) |
| 05/13/2020 | 124 | MOTION for Modified Protective Order by TERRELL ARMSTEAD. (Zucker, Jonathan) Modified event on 5/14/2020 (znmw). (Entered: 05/13/2020) |
| 05/13/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. The government shall respond to Defendant's Motion to Modify, ECF No. 124, by May 20, 2020. Signed by Judge Amit P. Mehta on 5/13/2020. (lcapm1) (Entered: 05/13/2020) |
| 05/13/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Government's Response due by 5/20/2020. (zjd) (Entered: 05/14/2020) |
| 05/18/2020 | 125 | Memorandum in Opposition by USA as to TERRELL ARMSTEAD re 124 MOTION for Modified Protective Order (Larson, Amy) (Entered: 05/18/2020) |
| 05/27/2020 | 126 | ORDER as to TERRELL ARMSTEAD. Please see the attached Standing Order No. 20-29, signed by Chief Judge Howell, In Re: Further Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic. (lcapm1) (Entered: 05/27/2020) |
| 05/27/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. Consistent with Standing Order No. 20-29, the status hearing scheduled for June 3, 2020, is converted to a telephonic hearing, and the time from June 12, 2020 through and including August 1, 2020 shall be excluded in computing the date for speedy trial in this case. The court will provide counsel with dial-in information for the hearing. Members of the public or media who wish to access the hearing may dial the court's toll-free public access line: (877) 848-7030, access code 321-8747. Signed by Judge Amit P. Mehta on 5/27/2020. (lcapm1) (Entered: 05/27/2020) |
| 05/28/2020 | | NOTICE OF HEARING as to TERRELL ARMSTEAD: Status Conference reset to 6/3/2020 at 9:00 AM via teleconference before Judge Amit P. Mehta. (zjd) (Entered: 05/28/2020) |
| 06/03/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held telephonically on 6/3/2020. Joint Status Report due by 6/10/2020. Defendant's Status Report regarding Speedy Trial due by 6/17/2020. Disclosure of additional 404 (b) evidence due by 8/18/2020. Oppositions due by 9/4/2020. Replies due by 9/11/2020. Pretrial Conference set for 10/9/2020 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: appeared via teleconference; remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson and Kenya Davis. (zjd) Modified on 6/3/2020 (zjd). (Entered: 06/03/2020) |
| 06/04/2020 | 127 | PRETRIAL ORDER: The retrial in this matter is set to commence on October 14, 2020, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) The United States shall notify Defendant of its intention to introduce any new Rule 404(b) evidence not previously disclosed on or before August 18, 2020; (2) The parties shall file their pretrial motions on or before August 24, 2020; oppositions shall be filed on or before September 4, 2020; and replies shall be filed on or before September 11, 2020; (3) Unless previously disclosed, the United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before October 7, 2020. Any Brady material not already disclosed also must be disclosed by this date; (4) On or before September 30, 2020, counsel shall file an Amended Joint Pretrial Statement. (5) On or before September 30, 2020, the parties shall transmit an electronic copy of any proposed modification to any previously delivered jury instruction, any new proposed jury instruction, and the verdict form by email to the Courtroom Deputy; (6) Counsel shall appear on October 9, at 2:00 p.m., in Courtroom 10 for a Pretrial Conference. See the attached Order and Appendix for additional details. Signed by Judge Amit P. Mehta on 6/4/2020. (lcapm1) (Entered: 06/04/2020) |
| 06/04/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Pretrial Motions due by 8/24/2020. Amended Joint Pretrial Statement due by 9/30/2020. (zjd) (Entered: 06/05/2020) |
| 06/10/2020 | 128 | STATUS REPORT by TERRELL ARMSTEAD (Zucker, Jonathan) (Entered: 06/10/2020) |
| 06/12/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD denying Defendant's 124 Motion to Modify Protective Orders. In light of the Status Report filed on June 10, 2020, Defendant's motion to modify the protective orders is denied as moot. Signed by Judge Amit P. Mehta on 6/12/2020. (lcapm1). (Entered: 06/12/2020) |
| 06/23/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. Defense counsel was to have notified the court by June 17, 2020, whether Defendant agreed to toll the Speedy Trial clock until the start of trial, but did not do so. Defense counsel shall so notify the court by June 30. Signed by Judge Amit P. Mehta on 6/23/2020. (lcapm1) (Entered: 06/23/2020) |
| 06/23/2020 | | Set/Reset Deadlines as to TERRELL ARMSTEAD: Defendant's Status Report due by 6/30/2020. (zjd) (Entered: 06/24/2020) |
| 06/29/2020 | 129 | NOTICE *That Defendant is Not Waiving Speedy Trial* by TERRELL ARMSTEAD (Zucker, Jonathan) (Entered: 06/29/2020) |
| 07/13/2020 | 130 | ORDER as to TERRELL ARMSTEAD. Please see the attached Standing Order No. 20-62, In Re: Third Further Extension of Postponed Court Proceedings Due to Ongoing Exigent Circumstances Created by COVID-19 Pandemic, signed by Chief Judge Howell on July 9, 2020. (lcapm1) (Entered: 07/13/2020) |
| 07/13/2020 | | MINUTE ORDER as to TERRELL ARMSTEAD. For the reasons stated in Standing Order 20-62, the court finds that the ends of justice served by additional continuances to protect public health and safety outweigh the interests of the defendant and the public and the defendant's right to a speedy trial and, accordingly, the time period until September 9, 2020, will be excluded under the Speedy Trial Act. Signed by Judge Amit P. Mehta on 7/13/2020. (lcapm1) (Entered: 07/13/2020) |
| 08/17/2020 | | NOTICE OF HEARING as to TERRELL ARMSTEAD: Telephonic Status Conference set for 8/19/2020 at 10:30 AM before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel. Members of the public may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties.(zjd) (Entered: 08/17/2020) |
| 08/19/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Telephonic Status Conference as to TERRELL ARMSTEAD held on 8/19/2020. Telephonic Status Conference set for 9/16/2020 at 10:30 AM before Judge Amit P. Mehta. Bond Status of Defendant: appeared telephonically; remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson and Kenya Davis. (zjd) (Entered: 08/19/2020) |
| 08/19/2020 | 131 | NOTICE of Consent to Setting Status Date and Waiving Speedy Trial by TERRELL ARMSTEAD. (zjd) (Entered: 08/19/2020) |
| 09/15/2020 | | NOTICE OF HEARING as to TERRELL ARMSTEAD: Telephonic Status Conference reset to 9/16/2020 at 2:30 PM before Judge Amit P. Mehta. The courtroom deputy has circulated dial-in information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. (zjd) Modified to include public access information on 9/15/2020 (zjd). (Entered: 09/15/2020) |
| 09/16/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held telephonically on 9/16/2020. For the reasons stated on the record, the time from 9/16/2020 through and including 11/9/2020 shall be excluded in computing the date for speedy trial in this case. Telephonic Status Conference set for 10/2/2020 at 1:00 PM before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties.Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson and Kenya Davis. (zjd) Modified to include public line information on 9/30/2020 (zjd). (Entered: 09/16/2020) |
| 10/02/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held telephonically on 10/2/2020. Status Conference set for 11/6/2020 at 10:30 AM via teleconference before Judge Amit P. Mehta. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson and Kenya Davis. (zjd) (Entered: 10/02/2020) |
| 11/06/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held telephonically on 11/6/2020. Status Conference set for 1/6/2021 at 10:30 AM before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. For the reasons stated on the record, the time from 11/6/2020 through and including 1/6/2021, shall be excluded in computing the date for speedy trial in this case. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorneys: Jonathan Zucker and Peter Wright. US Attorneys: Amy Larson, Kenya Davis, and Betsy Hudson. (zjd) (Entered: 11/06/2020) |
| 01/05/2021 | 132 | Consent MOTION to Continue *the Status Conference* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 01/05/2021) |
| 01/05/2021 | | MINUTE ORDER as to TERRELL ARMSTEAD granting 132 Consent Motion to Continue the Status Conference. The status conference scheduled for January 6, 2021, is hereby vacated and rescheduled for February 8, 2021, at 10:00 a.m. Time under the Speedy Trial Act is excluded until February 8, 2021, as the interests of justice outweigh the interest of the defendant and the public in a speedy trial. Specifically, the exclusion is justified to permit the parties more time to explore a settlement of this matter, as well as those reasons set forth in Standing Order 20-93. Signed by Judge Amit P. Mehta on 1/5/2021. (lcapm1) (Entered: 01/05/2021) |
| 01/05/2021 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Status Conference set for 2/8/2021 at 10:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 01/06/2021) |
| 02/03/2021 | 133 | Joint MOTION to Continue *the Status Hearing* by USA as to TERRELL ARMSTEAD. (Larson, Amy) (Entered: 02/03/2021) |
| 02/03/2021 | 134 | ORDER as to TERRELL ARMSTEAD granting 133 Consent Motion to Continue the Status Conference. The status conference scheduled for February 8, 2021, is hereby vacated and rescheduled for March 11, 2021, at 10 a.m. The courtroom deputy will circulate call-in information. Members of the public may access the conference by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should be used by only non-participating parties. Consistent with Standing Order No. 20-93, as well as the representations made by the parties, the interests and ends of justice outweigh the interests of the defendant and the public in a speedy trial. Pursuant to 18 U.S.C. § 1361, the time from February 8, 2021, through March 11, 2021, shall be excluded in computing the date for speedy trial in this case. See the attached Order for further details. Signed by Judge Amit P. Mehta on 2/3/2021. (lcapm1) (Entered: 02/03/2021) |
| 03/10/2021 | | Set/Reset Hearings as to TERRELL ARMSTEAD: Status Conference reset to 3/11/2021 at 11:15 AM via teleconference before Judge Amit P. Mehta. Members of the public may access the conference by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should be used by only non-participating parties. (zjd) (Entered: 03/10/2021) |
| 03/11/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 3/11/2021 via teleconference. In the interest of justice (XT), and for the reasons stated on the record, the time from 3/12/2021 through and including 3/31/2021 shall be excluded in computing the date for speedy trial in this case. Plea Agreement Hearing set for 3/31/2021 at 10:00 AM via video conference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. Bond Status of Defendant: remains committed. Court Reporter: Sara Wick.Defense Attorney: Jonathan Zucker. US Attorneys: Amy Larson and Betsy Hudson. (zjd) (Entered: 03/11/2021) |
| 03/30/2021 | | NOTICE OF HEARING as to TERRELL ARMSTEAD: Status Conference reset to 3/31/2021 at 4:00 PM via teleconference before Judge Amit P. Mehta. The courtroom deputy has circulated dial-in information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 03/30/2021) |
| 03/31/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 3/31/2021 via teleconference. In the interest of justice (XT), and for the reasons stated on the record, the time from 4/1/2021 through and including 4/21/2021 shall be excluded in computing the date for speedy trial in this case. Plea Agreement Hearing set for 4/21/2021 at 2:00 PM via video conference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorney: Elizabeth Hudson. (zjd) (Entered: 03/31/2021) |
| 04/21/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held on 4/21/2021 via teleconference. In the interests of justice (XT), and for the reasons stated on the record, the time from 4/22/2021 through and including 5/26/2021 shall be excluded in computing the date for speedy trial in this case. Plea Paperwork shall be submitted to chambers by 5/24/2021. Plea Agreement Hearing set for 5/26/2021 at 10:00 AM via |

USCA Case #22-3052   Document #1983680   Filed: 11/30/2023   Page 10 of 113

| | | videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorneys: Amy Larson and Kenya Davis. (zjd) (Entered: 04/21/2021) |
|---|---|---|
| 05/26/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held via videoconference on 5/26/2021. In the interests of justice (XT), the time from 5/27/2021 through and including 7/8/2021 shall be excluded in computing the date for speedy trial in this case. Plea Agreement Hearing set for 7/8/2021 at 4:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. Bond Status of Defendant: remains committed. Court Reporter: William Zaremba. Defense Attorney: Jonathan Zucker. US Attorney: Amy Larson. (zjd) (Entered: 05/26/2021) |
| 07/08/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held via videoconference on 7/8/2021. In the interests of the justice, and for the reasons stated on the record, the time from 7/9/2021 through and including 7/21/2021 shall be excluded in computing the date for speedy trial in this case. Status Conference set for 7/21/2021 at 11:15 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. Bond Status of Defendant: remains in-custody; Court Reporter: William Zaremba; Defense Attorney: Jonathan Zucker; US Attorneys: Elizabeth Hutson and Kenya Davis. (zjd) (Entered: 07/08/2021) |
| 07/20/2021 | 135 | MOTION to Continue *Status Hearing* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 07/20/2021) |
| 07/21/2021 | | MINUTE ORDER as to TERRELL ARMSTEAD denying Defendant's 135 Motion to Continue Status. The combined hearing in United States v. Armstead, No. 19-cr-369, and United States v. Gray, 21-cr-17, shall proceed as scheduled today, July 21, 2021, at 11:15 a.m. via videoconference. Signed by Judge Amit P. Mehta on 7/21/2021. (lcapm1) (Entered: 07/21/2021) |
| 07/21/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference as to TERRELL ARMSTEAD held via videoconference on 7/21/2021. In the interests of the justice, the time from 7/22/2021 through and including 3/21/2022 shall be excluded in computing the date for speedy trial in this case. Joint Status Report due by 8/4/2021. Pretrial Conference set for 3/9/2022 at 02:00 PM in Courtroom 10 before Judge Amit P. Mehta. Jury Trial set for 3/21/2022 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. Bond Status of Defendant: remains in-custody; Court Reporter: William Zaremba; Defense Attorney: Jonathan Zucker; US Attorneys: Elizabeth Hutson and Kenya Davis. (zjd) (Entered: 07/22/2021) |
| 07/23/2021 | 136 | PRETRIAL ORDER as to TERRELL ARMSTEAD: Trial is set to commence in this matter on March 21, 2022, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) the parties shall file their pretrial motions, if any, on or before January 10, 2022; oppositions, if any, shall be filed on or before January 24, 2022; and replies, if any, shall be filed on or before January 31, 2022; (2) the United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed on or before February 18, 2022; (3) motions in limine, if any, shall be filed on or before February 21, 2022; oppositions, if any, shall be filed on or before February 28, 2022; and replies, if any, shall be filed on or before March 7, 2022; (4) the United States is directed to make grand jury and Jencks Act disclosures as to each of its witnesses on or before March 14, 2022, and any Brady material not already disclosed also shall be disclosed by this date; (5) on or before March 7, 2022, counsel shall file a Joint Pretrial Statement; (6) counsel shall appear on February 25, 2022, at 1:00 p.m., in Courtroom 10 for a hearing on pretrial motions, if necessary; and (7) counsel shall appear on March 9, 2022, at 2:00 p.m., in Courtroom 10 for a final Pretrial Conference. See the attached Order and Appendix for additional details. Signed by Judge Amit P. Mehta on 7/23/2021. (lcapm1) (Entered: 07/23/2021) |
| 07/23/2021 | | MINUTE ORDER as to TERRELL ARMSTEAD. With the consent of Defendant TERRELL ARMSTEAD, the court hereby excludes time under the Speedy Trial Act until March 21, 2022. Specifically, the exclusion of time is warranted as "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7)(A). The failure to exclude such time "would unreasonably deny the defendant... continuity of counsel" and "would deny counsel for the defendant... the reasonable time necessary for effective preparation." 18 U.S.C. 3161(h)(7)(B)(iv). Counsel for Defendant TERRELL ARMSTEAD has provided continuous and zealous representation since the inception of his case, to include a first trial. So, the availability of current counsel is critical to TERRELL ARMSTEAD's defense and receipt of a fair trial. As neither defense counsel for TERRELL ARMSTEAD or Anthony Gray, the defendant in related matter 21-cr-17, indicated availability for a trial until March 2022, it is in TERRELL ARMSTEAD's interest to exclude time to ensure the availability of their counsel. Exclusion of time also is in the public interest. As this case involves allegations of sex trafficking of a complainant who at the time was a minor, it is in the public interest to have a single trial to ensure that the complainant and possible 404(b) witnesses will have to testify only once. It is therefore in the public interest to exclude time until both defense counsel are available to try this case at a single trial, rather than as separate trials. Signed by Judge Amit P. Mehta on 7/23/2021. (lcapm1) (Entered: 07/23/2021) |
| 08/03/2021 | 137 | Joint STATUS REPORT by USA as to TERRELL ARMSTEAD (Larson, Amy) (Entered: 08/03/2021) |
| 08/04/2021 | | MINUTE ORDER as to TERRELL ARMSTEAD. The United States shall file, by August 17, 2021, an Information for both Defendants Anthony Gray and TERRELL ARMSTEAD and a motion to join this matter with United States v. Gray, No. 21-cr-17, pursuant to Federal Rule of Criminal Procedure 13. Signed by Judge Amit P. Mehta on 8/4/2021. (lcapm1) (Entered: 08/04/2021) |
| 01/06/2022 | 138 | LETTER from Defense Counsel as to TERRELL ARMSTEAD. (zjd) (Entered: 01/06/2022) |
| 03/07/2022 | 139 | Unopposed MOTION to Vacate *Pretrial/Status and Set Sentencing Date* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 03/07/2022) |
| 03/07/2022 | | MINUTE ORDER granting 139 Unopposed Motion to Vacate Pretrial/Status and Set Sentencing Date. The trial and pretrial dates in this matter are hereby vacated. Sentencing is set for June 17, 2022, at 11:00 a.m., in Courtroom 10. The final presentence report shall be filed by June 1, 2022. Sentencing memoranda shall be filed by June 8, 2022. Any reply memorandum of no greater than five pages shall be filed by June 13, 2022. Time on the remaining counts is excluded under the Speedy Trial Act until June 13, 2022, as the interests of justice outweigh the interests of the defendant and the government in a speedy trial. Specifically, the exclusion of time is warranted to move this case to a disposition without a retrial. Signed by Judge Amit P. Mehta on 3/7/2022. (lcapm1) Modified on 3/8/2022 (zjd). (Entered: 03/07/2022) |
| 03/08/2022 | | Set/Reset Deadlines/Hearings as to TERRELL ARMSTEAD. (zjd) (Entered: 03/08/2022) |
| 03/14/2022 | 140 | MOTION to Modify *Sentencing Date* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 03/14/2022) |
| 03/25/2022 | | MINUTE ORDER granting 140 Defendant TERRELL ARMSTEAD (1)'s Motion to Modify Sentencing Date. The sentencing scheduled for June 17, 2022, is hereby vacated and reset for July 15, 2022, at 3:30 p.m., in Courtroom 10. The final presentence report shall be filed by June 28, 2022. Sentencing memoranda shall be filed by July 6, 2022. Any reply memorandum of no greater than five pages shall be filed by July 11, 2022. Time on the remaining counts is excluded under the Speedy Trial Act until July 15, 2022, as the interests of justice outweigh the interests of the defendant and the government in a speedy trial. Specifically, the exclusion of time is warranted to move this case to a disposition without a retrial. Signed by Judge Amit P. Mehta on 3/25/2022. (lcapm1) (Entered: 03/25/2022) |
| 05/31/2022 | 141 | DRAFT PRESENCE INVESTIGATION REPORT as to TERRELL ARMSTEAD (prepared by USPO Kelli Willett)(Moses-Gregory, Renee) (Entered: 05/31/2022) |
| 06/27/2022 | 142 | Consent MOTION to File Victim Impact Statements and Restitution Materials Under Seal by USA as to TERRELL ARMSTEAD. (Larson, Amy) Modified event on 6/27/2022 (znmw). (Entered: 06/27/2022) |
| 06/27/2022 | 143 | FINAL PRESENCE INVESTIGATION REPORT as to TERRELL ARMSTEAD (prepared by USPO Kelli Willett)(Moses-Gregory, Renee) (Entered: 06/27/2022) |
| 06/27/2022 | 144 | RECOMMENDATION of FINAL PRESENCE INVESTIGATION REPORT as to TERRELL ARMSTEAD (prepared by USPO Kelli Willett)(Moses-Gregory, Renee) (Entered: 06/27/2022) |
| 06/27/2022 | | MINUTE ORDER granting 142 Unopposed Motion for Leave to File Victim Impact Statements and Restitution Requests as to TERRELL ARMSTEAD (1) Under Seal. Signed by Judge Amit P. Mehta on 6/17/2022. (lcapm1) (Entered: 06/27/2022) |
| 07/06/2022 | 146 | SENTENCING MEMORANDUM by USA as to TERRELL ARMSTEAD (Larson, Amy) (Entered: 07/06/2022) |
| 07/07/2022 | 147 | MOTION for Extension of Time to File *Sentencing Memorandum One Day Late* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 07/07/2022) |
| 07/07/2022 | 148 | SENTENCING MEMORANDUM by TERRELL ARMSTEAD (Attachments: # 1 Exhibit Letter Jessica Gray, # 2 Exhibit Letter Laura Gray, # 3 Exhibit Transcript 2-28-20 excerpt, # 4 Exhibit Transcript 3-2-20 excerpt)(Zucker, Jonathan) (Entered: 07/07/2022) |
| 07/07/2022 | | MINUTE ORDER granting 147 Motion for Extension of Time to File Sentencing Memorandum as to TERRELL ARMSTEAD (1). Signed by Judge Amit P. Mehta on 7/7/2022. (lcapm1) (Entered: 07/07/2022) |
| 07/13/2022 | 149 | SUPPLEMENT by TERRELL ARMSTEAD re 148 Sentencing Memorandum (Zucker, Jonathan) (Entered: 07/13/2022) |
| 07/15/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Sentencing held on 7/15/2022 as to TERRELL ARMSTEAD. On Count 2, the defendant is sentenced to 276 months of incarceration and 240 months of supervised release. Government's oral motion to dismiss all remaining counts of the 23 Indictment was heard and granted. Counts 1, 3, 4, 5, 6, 7 and 8 are hereby dismissed. Bond Status of Defendant: remains in-custody; Court Reporter: William Zaremba; Defense Attorney: Jonathan Zucker; US Attorneys: Amy Larson and Elizabeth Hutson; Probation Officer: Kelli Willett. (zjd) (Entered: 07/15/2022) |
| 07/15/2022 | 151 | Receipt and Acknowledgment of Presentence Investigation Report by TERRELL ARMSTEAD. (zjd) (Entered: 07/15/2022) |
| 07/19/2022 | 152 | FINAL PRESENCE INVESTIGATION REPORT as to TERRELL ARMSTEAD (prepared by USPO Kelli Willett)(Moses-Gregory, Renee) (Entered: 07/19/2022) |
| 07/22/2022 | 153 | Consent MOTION for Forfeiture of Property *and Waive Appearance* by TERRELL ARMSTEAD. (Zucker, Jonathan) (Entered: 07/22/2022) |
| 07/22/2022 | 154 | MOTION to Waive Appearance by TERRELL ARMSTEAD. (See docket entry 153 to view document.)(zltp) (Entered: 07/25/2022) |
| 07/28/2022 | 155 | JUDGMENT as to TERRELL ARMSTEAD. Statement of Reasons Not Included. Signed by Judge Amit P. Mehta on 7/28/2022. (zhsj) (Main Document 155 replaced on 7/28/2022) (zstd). (Entered: 07/28/2022) |
| 07/28/2022 | 156 | STATEMENT OF REASONS as to TERRELL ARMSTEAD re 155 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Amit P. Mehta on 7/28/2022. (zhsj) (Entered: 07/28/2022) |
| 07/28/2022 | 157 | NOTICE OF APPEAL - Final Judgment by TERRELL ARMSTEAD re 155 Judgment. Fee Status: No Fee Paid. Parties have been notified. (Zucker, Jonathan) (Entered: 07/28/2022) |
| 07/29/2022 | 158 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided as to TERRELL ARMSTEAD re 157 Notice of Appeal - Final Judgment. (zhsj) (Entered: 07/29/2022) |
| 08/01/2022 | | USCA Case Number as to TERRELL ARMSTEAD 22-3052 for 157 Notice of Appeal - Final Judgment filed by TERRELL ARMSTEAD. (zltp) (Entered: 08/02/2022) |
| 09/21/2022 | 159 | TRANSCRIPT OF HEARING ON PRETRIAL MOTIONS PROCEEDINGS in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on January 31, 2020; Page Numbers: 1-57. Date of Issuance: September 21, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/12/2022. Redacted Transcript Deadline set for 10/22/2022. Release of Transcript Restriction set for 12/20/2022.(wz) (Entered: 09/21/2022) |
| 09/21/2022 | 160 | TRANSCRIPT OF SENTENCING PROCEEDINGS in case as to TERRELL ARMSTEAD before Judge Amit P. Mehta held on July 15, 2022; Page Numbers: 1-92. Date of Issuance: September 21, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or p urchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/12/2022. Redacted Transcript Deadline set for 10/22/2022. Release of Transcript Restriction set for 12/20/2022.(wz) (Entered: 09/21/2022) |

PACER Service Center

| Transaction Receipt |
|---|
| 12/14/2022 11:35:05 |

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Terrell Armstead a.k.a. "RELL" & "SUPREME 16" | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___June 5, 2015 and April 25, 2019___ in the county of _____ in the

_____ District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1591(a)(1) | Between on or about June 5, 2015 and August 18, 2016 in the District of Columbia and elsewhere, the defendant, TERRELL ARMSTEAD, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means a minor female under the age of 18 years, to wit, 16 - 17 years of age, knowing that the minor female had not attained the age of 18 years and would be caused to engage in a commercial sex act, and TERRELL ARMSTEAD benefited financially from doing so. |
| 18 U.S.C. § 1591 | Between on or about January 2018 and December 2018 in the District of Columbia and elsewhere, the defendant, TERRELL ARMSTEAD, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by use of force, fraud, or coercion and adult female, O.S., knowing that she would be caused to engage in a commercial sex act, and TERRELL ARMSTEAD benefited financially from doing so. |
| 18 U.S.C. § 1591(d) | Between on or about December 2018 and April 25, 2019 in the District of Columbia and elsewhere, the defendant, TERRELL ARMSTEAD,  knowingly obstructed, attempted to obstruct, interfered with and prevented the enforcement of 18 USC 1591(a). |

This criminal complaint is based on these facts:

SEE ATTACHED STATEMENT OF FACTS

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremiah Johnson
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___05/01/2019___

_____
*Judge's signature*

City and state:        Washington, D.C.            G. Michael Harvey, U.S. Magistrate Judge
_____
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | MAGISTRATE NO. 19-MJ-119 |
| TERRELL ARMSTEAD, | : | |
| | : | VIOLATIONS: |
| | : | 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1) |
| Defendant. | : | (Sex Trafficking by Force, Fraud, and |
| | : | Coercion) |
| | : | |
| | : | 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(2) |
| | : | (Sex Trafficking of a Minor) |
| | : | |
| | : | 18 U.S.C. § 1594(c) |
| | : | (Conspiracy to Sex Traffic a Minor) |
| | : | |
| | : | 18 U.S.C. § 2422(a) |
| | : | (Coercion and Enticement) |
| | : | |
| | : | 18 U.S.C. § 2421(a) |
| | : | (Transportation) |
| | : | |
| | : | 18 U.S.C. § 1952(a)(3)(A) |
| | : | (Interstate Travel and Transportation in |
| | : | Aid of Racketeering) |
| | : | |
| | : | 18 U.S.C. § 1591(d) |
| | : | (Obstruction of Enforcement of Title 18 |
| | : | U.S.C. § 1591) |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 1594(d), 2428(a); |
| | : | (a)(2)(A); 21 U.S.C. § 853(p) |

## I N D I C T M E N T

The Grand Jury Charges that:

## COUNT ONE

Between in or about March 2015 and May 2019, in the District of Columbia and elsewhere, the defendant, **TERRELL ARMSTEAD**, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, a person, S.B., by means of force, threats of force, fraud, and coercion, and any combination of such means, knowing and in reckless disregard that S.B. would be caused to engage in a commercial sex act.

> (**Sex Trafficking by Force, Fraud, and Coercion**, in violation of Title 18, United States
> Code, Sections 1591(a)(1), (a)(2), and (b)(1))

## COUNT TWO

Between on or about June 2018 and September 2018, in the District of Columbia and elsewhere, the defendant, **TERRELL ARMSTEAD**, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, a person, O.S., by means of force, threats of force, fraud, and coercion, and any combination of such means, knowing and in reckless disregard that O.S. would be caused to engage in a commercial sex act.

> (**Sex Trafficking by Force, Fraud, and Coercion**, in violation of Title 18, United States
> Code, Sections 1591(a)(1), (a)(2), and (b)(1))

## COUNT THREE

Between on or about March 2015 and August 18, 2016, in the District of Columbia and elsewhere, the defendants, **TERRELL ARMSTEAD**, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, a person who had not attained the age of 18 – that is, S.B., then a 16- to 17-year-old minor female – having had a reasonable opportunity to observe S.B. and knowing and in reckless disregard that S.B. was under the age of 18 years old, knowing and in reckless disregard that S.B. would be caused to engage in a commercial sex act.

(**Sex Trafficking of a Minor**, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), and (b)(2))

## COUNT FOUR

Between on or about March 2015 and August 18, 2016, in the District of Columbia and elsewhere, in or affecting interstate commerce, the defendant, **TERRELL ARMSTEAD,** did combine, conspire, confederate, and agree with co-conspirators, known and unknown to the grand jury, to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, a female minor whose initials are S.B., having had a

3

reasonable opportunity to observe S.B. and knowing and in reckless disregard that S.B. was under the age of 18 years old and knowing and in reckless disregard that S.B. would be caused to engage in commercial sex acts.

(**Conspiracy to Sex Traffic a Minor**, in violation of Title 18, United States Code, Section 1594(c))

## COUNT FIVE

Between in or about June 2018 and September 2018, in the District of Columbia and elsewhere, the defendant, **TERRELL ARMSTEAD**, did knowingly persuade, induce, entice, and coerce any individual, O.S., to travel in interstate commerce to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense and or attempted to do so.

(**Coercion and Enticement**, in violation of Title 18, United States Code, Section 2422(a))

## COUNT SIX

Between on or about March 2015 and September 2018, in the District of Columbia and elsewhere, the defendant, **TERRELL ARMSTEAD**, did knowingly transport an individual in interstate and foreign commerce, that is, S.B., with the intent that such individual engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

(**Transportation**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT SEVEN

Between on or about March 2015 and May 2019, in the District of Columbia and elsewhere, in and affecting interstate commerce, the defendant, **TERRELL ARMSTEAD**, together with co-conspirators, known and unknown to the grand jury, knowingly traveled in interstate commerce and used an instrumentality of interstate commerce, including cellphones and the internet, with intent to otherwise promote, manage, establish, carry on and facilitate the promotion, management,

4

establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and of the United States, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on such unlawful prostitution activity.

(**Interstate Travel and Transportation in Aid of Racketeering**, in violation of Title 18, United States Code, Section 1952(a)(3)(A))

## COUNT EIGHT

Between on or about December 2018 and April 25, 2019, in the District of Columbia, the defendant, **TERRELL ARMSTEAD**, attempted to obstruct, interfere with, and prevent enforcement of Title 18 U.S.C. Section 1591, which prohibits sex trafficking of minors and sex trafficking by force, fraud, or coercion.

(**Obstruction of Enforcement of Title 18 U.S.C. Section 1591**, in violation of Title 18, United States Code, Section 1591(d))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts One through Four, the defendant shall forfeit to the United States his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations, pursuant to 18 U.S.C. Section 1594(d).   The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations.

2.      Upon conviction of the offenses alleged in Count Five, the defendant shall forfeit to the United States his interest in any property, real or personal, that was used or intended to be

5

used to commit or facilitate the commission of these violations and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly as a result of these violations, pursuant to 18 U.S.C. Section 2428(a). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 1594(d) and 2428(a), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

_Jessie K. Liu_ /JPH
Attorney for the United States in
and for the District of Columbia

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CR No. 19-369 |
| | ) Washington, D.C. |
| vs. | ) February 26, 2020 |
| | ) 9:00 a.m. |
| TERRELL ARMSTEAD, | ) |
| | ) Day 1 |
| Defendant. | ) Morning Session |
| _____ | ) |

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        Kenya K. Davis
                          Amy E. Larson
                          U.S. ATTORNEY'S OFFICE - DC
                          555 Fourth Street, NW
                          Washington, D.C. 20017
                          (202) 252-7059
                          Email: kenya.davis@usdoj.gov
                          Email: amy.larson2@usdoj.gov

For the Defendant:        Jonathan S. Zucker
                          Peter Wright
                          LAW OFFICES
                          OF JONATHAN ZUCKER
                          37 Florida Avenue, NE
                          Suite 200
                          Washington, D.C. 20002
                          (202) 624-0784
                          jonathanzuckerlaw@gmail.com

Case 1:19-cr-00369-APM   Document 97   Filed 03/23/20   Page 8 of 160
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 19 of 113

8

other than law enforcement witnesses, by their first name. So that, I think, is the easier issue.

The harder issue, maybe, is we got a call from a juror this morning in seat 8, this is Juror 0405, this is the second of our two alternates, I believe it's a she, indicated that she is ill and is not intending to report this morning, which leaves us with 13 jurors and only one alternate.

They have not yet been sworn, so we have a couple of options. One is to proceed with 13, knowing the risk of losing more than one, would put us at only 11, and we haven't even started trial yet. The other option is to recall the jurors that have been dismissed and essentially -- which I think would essentially be tantamount to not trying this case this week and next. And I think those are our two options.

I'm inclined to proceed with the former, which is to proceed with 13 jurors and hope that that juror is the lone juror that we lose. I've never lost more than two. I've lost two before. But never lost more than two. And given that this trial is six or seven days, it seems to me that we could probably proceed in that fashion.

I have to refresh my recollection about what the rules provide with respect to returning verdicts with only 11 jurors, but that may be a possibility as well.

Case 1:19-cr-00369-APM   Document 97   Filed 03/23/20   Page 9 of 160
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 20 of 113

9

Any reaction to that second issue?

MR. ZUCKER:  Should it come to this, I don't want -- if we do go forward, I don't want our acquiescence in going forward to be misinterpreted as a consent to a less-than-12-person jury.  I can't remember the rules on that; I know the Court has discretion.  I think the Court has the discretion, if the parties agree.

THE COURT:  That the Court what?

MR. ZUCKER:  I can't remember if --

THE COURT:  I can't remember the rule either, and I should have looked at it before I got here this morning, but I didn't.

MS. DAVIS:  Your Honor, as you look into that issue, the government's position would be to go forward today.

THE COURT:  Okay.

MR. ZUCKER:  I'm sorry?

MS. DAVIS:  Our position would be to go forward today.

THE COURT:  Okay.

The rules provide -- Rule 23(b) states that any time before the verdict, the parties may, with the Court's approval, stipulate in writing that the jury may consist of fewer than 12 persons; or, B, the jury fewer than 12 persons may return a verdict, if the Court finds it necessary to

40

professed their love to each other.  They were loyal to one another.  And yes, she was involved in prostitution.  She was also involved in dancing.  We don't dispute that.

And as my colleague told you, she wasn't the only one that he was involved in the prostitution business with. You're going to hear from several of them, all adults, all of whom chose him as their pimp for some period of time.

You're going to hear that in May of 2018, the FBI began this investigation based on some Internet postings he had made, all right?  And yes, they had to do with sex trafficking.

You're also going to hear, and my colleague made reference to it, he was already charged with prostitution involving Sadie and Erica in Maryland.  He was already facing those charges.  He pled guilty to those charges, he was sentenced in those charges, he served his sentence, and he still has time in those charges, all right?  He had already been prosecuted and he accepted responsibility when he was accused of those crimes in Maryland.

So what is it you're going to have to decide here? Because I've told you he's involved in prostitution.  You're going to have to, at the end of this case, decide two questions, and that's going to control your verdict in this case, because he's not charged with prostitution, per se.

And they involve primarily, the three counts --

41

the first three counts of the Indictment you're going to see, one is, has the prosecution proven beyond a reasonable doubt that he was involved in sex trafficking of a minor, and that is Sadie, when she was 16.

The second question you're going to have to ask is, has the prosecution proved beyond a reasonable doubt that he used force, fraud, and coercion, essentially violence, in this prostitution business against Sadie and Olga, all right?

The answers to those questions are "no."  The answers to those questions, at the conclusion of this case, are going to be "no" to those two questions, and that's what this trial is primarily about.

He didn't use force, fraud, or coercion because he didn't have to and it's counterproductive.

The evidence is going to show you he never held anybody against their will.

Olga will admit to you, when she wanted to leave, she was permitted to leave.  She did leave.

Sadie will admit to you, when she wanted to leave, she was permitted to leave.  And she left and came back a couple of times.

He never held anyone against his will.  He never used violence to force them to be involved in prostitution. That wasn't part of what he did.

```
                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )        CR No. 19-369
                                     )        Washington, D.C.
       vs.                           )        March 6, 2020
                                     )        12:40 p.m.
TERRELL ARMSTEAD,                    )
                                     )        Day 8
            Defendant.               )        Afternoon Session
_____)
```

```
              TRANSCRIPT OF JURY TRIAL PROCEEDINGS
             BEFORE THE HONORABLE AMIT P. MEHTA
                UNITED STATES DISTRICT JUDGE
```

```
APPEARANCES:

For the Government:            Kenya K. Davis
                               Amy E. Larson
                               U.S. ATTORNEY'S OFFICE - DC
                               555 Fourth Street, NW
                               Washington, D.C. 20017
                               (202) 252-7059
                               Email: kenya.davis@usdoj.gov
                               Email: amy.larson2@usdoj.gov


For the Defendant:             Jonathan S. Zucker
                               Peter Wright
                               LAW OFFICES
                               OF JONATHAN ZUCKER
                               37 Florida Avenue, NE
                               Suite 200
                               Washington, D.C. 20002
                               (202) 624-0784
                               jonathanzuckerlaw@gmail.com
```

123

will be provided.

We will then call you into the courtroom and ask you your verdict in open court.

Now, the last thing I must do before you begin your deliberations is to excuse the alternate juror.

As I told you before, the selection of alternates was an entirely random process.  It is nothing personal.  We selected two seats to be the alternate seats before any of you entered the courtroom, though we are only now down to one alternate seat.  Since the rest of you have remained healthy and attentive, I can now excuse the remaining alternate, and that is the juror in seat No. 6.

Before you leave, I will be -- I'm going to ask you to tear out a page from your notebook and to write down your name and daytime phone number and hand this to the Clerk.

I do this because it is possible, though unlikely, that we'll need to summon you back to rejoin the jury in case something happens to a regular juror.

Since that possibility exists, I'm also going to instruct you not to discuss the case with anyone until we call you.

My earlier instruction on use of the Internet still applies.  Do not research this case or communicate about it on the Internet.

week.

So I'll ask Mr. Douyon to escort you out, and I'll ask the rest of you to remain, because I have just a couple more instructions before you depart.

Okay.  Ladies and gentlemen, it is now 5 of 4:00 on Friday afternoon.  It's been a long two weeks, I know.

And so I'm going to leave it up to you whether you wish to begin your deliberations this afternoon or you would rather come back Monday morning and start anew and start fresh after having a weekend of rest.  So majority rules.

And so by a show of hands, who'd like to start Monday and be excused for the day?

Hold your hands up high, because I'm not sure.

Eight [sic] who'd like to start now.

All right.  So given that the majority -- we've got eight folks who would like to be excused for the day, and four who would not, and so I'm going to excuse you for the day.  I do think it's useful to come back, after a weekend of reflection, and rest, and begin anew on Monday morning.

So I will remind you again not to discuss the case with your loved ones, friends and family over the weekend. You will finally, on Monday morning, have the opportunity to discuss the case with your fellow jurors.  And just as a reminder, your first order of business will be to select a

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )      CR No. 19-369
                                     )      Washington, D.C.
       vs.                           )      March 10, 2020
                                     )      3:01 p.m.
TERRELL ARMSTEAD,                    )
                                     )
          Defendant.                 )      Afternoon Session
_____)


TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          Kenya K. Davis
                             Amy E. Larson
                             U.S. ATTORNEY'S OFFICE - DC
                             555 Fourth Street, NW
                             Washington, D.C. 20017
                             (202) 252-7059
                             Email: kenya.davis@usdoj.gov
                             Email: amy.larson2@usdoj.gov


For the Defendant:           Jonathan S. Zucker
                             Peter Wright
                             LAW OFFICES
                             OF JONATHAN ZUCKER
                             37 Florida Avenue, NE
                             Suite 200
                             Washington, D.C. 20002
                             (202) 624-0784
                             jonathanzuckerlaw@gmail.com

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 5 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 27 of 113

5

day than yesterday.

Essentially just as the jury broke around 3:00, the Courtroom Deputy was handed a note on a fluorescent Post-it note.

This is written by juror No. 10.  It says, "If I don't want to be on this jury, what are my options?"

So that's the note we got from the juror in seat No. 10.

I'm happy to hear how either side or how you all think we ought to handle this.

I will say the following, which is now, it's about five after 4:00.  I am disinclined to call her out right now and ask her what this is all about, given that it's close to the end of the day and I am a little reluctant to just pull out one juror while deliberations are ongoing.

Now, maybe what we could do is put the whole jury on a break and then bring her out in that context.  But I'm a little bit reluctant to just pull out a juror while they're deliberating, which might sort of create undue focus on her and cause other jurors to wonder why she's being brought into court.  And we could, then, talk to her at the end of the day, if we're still here at 5:00 and they haven't reached a verdict.

(Pause)

MR. WRIGHT:  You know, I -- this is a difficult

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 9 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 28 of 113

9

THE COURT:  That's okay.

And you drafted a short note to us that said:  "If I don't want to be on this jury, what are my options?" Right?

JUROR 0607:  Uh-huh.

THE COURT:  So I'm going to ask you a couple questions.

But I want to preface my questions by asking you not to reveal anything to me about the jury's deliberations. And what I mean by that is, you really should not tell us anything about where the jury stands on any particular charge, whether you all have voted to convict or acquit on any particular charge or express to us any particular juror's view as to the charges, and, frankly, that would include you at this point as well, okay?

So let me just ask first whether there are any health concerns that you may have or any health reasons for which you don't think -- for which -- that might have prompted you to write this note?

JUROR 0607:  No.

THE COURT:  Okay.

So you are, then, is it fair to say, healthy enough to continue to deliberate?

JUROR 0607:  Yes.

THE COURT:  All right.

10

And then in terms of what may have prompted you to write this note, I'm sensing maybe some amount of frustration on your part?  Is that -- and you can answer that sort of a "yes" or "no."

JUROR 0607:  I don't know, Judge, if I can answer "yes" or "no."

THE COURT:  That's okay.

JUROR 0607:  So it's like response physically --

You telling me don't say too much, though.

THE COURT:  Well, I do need you to be careful --

JUROR 0607:  Right.

THE COURT:  -- just because your deliberations are secret.

JUROR 0607:  So I'm trying to explain it to you guys.

THE COURT:  Well, let me put it -- let me ask the question differently, which is that:  Do you think you can continue to, as I hope you have been, continue to deliberate with your fellow jurors, and do so in good faith?

JUROR 0607:  I can deliberate my answer in good faith, I will say that.

THE COURT:  Okay.

JUROR 0607:  I will stand beside my answer.

THE COURT:  Okay.

All right.  Well, you don't need to say any more,

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 11 of 27
USCA Case #22-3052   Document #1983680        Filed: 01/30/2023    Page 30 of 113

11

because what I really want to understand is whether you think you can continue to deliberate in good faith and, you know, as you -- you know, we --

JUROR 0607:  Well, as far as -- I'm going to tell you like this:  As far as I see good faith is me being honest with my answer.

THE COURT:  All right.  Fair enough.

Your answer to me?

JUROR 0607:  Yes, to the Court.

I'm going to be honest with my answer --

I'm going to elaborate a little bit.

THE COURT:  Hang on one second, because, as I said, I want to be really cautious here about --

JUROR 0607:  Well, it's a personal answer; it has nothing to do with this.

THE COURT:  Okay.

JUROR 0607:  So -- what I'm about to deliver to you guys.

So my father -- I thought this would be a good case, because I would look outside the box, but my father was convicted in the Federal Court for -- it wasn't minor -- but it was prostitution and drugs.  It was a very high-profile case.

So I'm looking at this case not as my father, but a lot of other jurors hasn't had that experience.  So I can

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 12 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 31 of 113

12

see a lot of other avenues in this case.

And my answers and the backfall, I'm not comfortable with.

THE COURT:  That's okay.

So let me ask you a question, which is:  Every juror comes to a case with their -- his or her own experience.

JUROR 0607:  Right.

THE COURT:  I asked you this at the beginning, which is whether you think you can be fair to both sides.  I asked you that at the start of the case, right?  And you answered that question "yes," if I remember asking it to you.

JUROR 0607:  Exactly.

THE COURT:  And do you still think you can be fair to both sides in this case?

JUROR 0607:  Yes.

THE COURT:  And evaluate the evidence dispassionately and fairly and impartially.  Can you do that?

JUROR 0607:  Yes, I can still do that.

THE COURT:  Okay.

And I could understand that the nature of the subject matter may be difficult to handle; that -- frankly, I've been impressed with how everybody handled it from the

13

outset, because it is a difficult topic, for you, perhaps, more personal than it is for others.

But, most importantly, I want to make sure that you are in a position to tell us that you can continue to deliberate, which I've heard you say "yes," yes?

JUROR 0607:  Uh-huh.

THE COURT:  And you can do so fairly and impartially to both sides in this case?

JUROR 0607:  I can give both sides in this case a fair outlook, even though of my personal experience.

THE COURT:  Okay.

All right.  Very good.

JUROR 0607:  I think it's just the --

THE COURT:  I don't think you need to say any more.

I think we understand what you are trying to convey.

JUROR 0607:  Okay.

THE COURT:  JC, why don't you -- I'm just going to ask you to step down and sit in that chair for one second, throw the husher on.

(The Court conferred with the Deputy Clerk off the record.)

THE COURT:  Mr. Douyon is going to take you back, okay?

14

JUROR 0607:  Okay.

THE COURT:  Thank you.

All right.  I just -- have a seat, everybody.

I directed him to take her back, but also told him to not let them re-start deliberations until we've had a chance to talk and I can get your reactions.

All right.  So does anybody wish to be heard or react or seek any particular relief?

Hang on one second.

(The Court conferred with the Deputy Clerk off the record.)

MS. DAVIS:  Your Honor, our concern with this juror continuing on this jury is that the voir dire questions were very clear, to give us an opportunity to see into this type of issue.

And if my memory serves me correct and I don't have my notes in front of me, if my memory serves me correct, that was not an issue that was raised, and I think the Court asked a few general questions that would get us there:  Has anyone ever been convicted of, a victim of a crime?

I think the Court asked that general question. And the Court asked the more specific question about this -- these nature of crimes, and this was never raised.  And so --

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 15 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 34 of 113

15

THE COURT:  So what are you asking me, to remove her?

MS. DAVIS:  The Court's indulgence.

(Government counsel conferred off the record.)

MS. DAVIS:  Okay.

So my wise co-counsel has advised that we should -- we would ask to break for the day; we want to deal with this by going to our appellate section and making sure -- because though she has said she can be fair and impartial, we're concerned that she did not raise this issue during voir dire, and that lack of candor is one that's going to be of concern to the government at this juncture.

THE COURT:  Okay.

Mr. Wright.

MR. WRIGHT:  Yes, Your Honor.

I think the Court asked all of the appropriate questions about whether she'd be able to be impartial, review the evidence impartially, be fair to both sides, you know, stand behind her verdict, and I think she answered all of those in the appropriate response.

You know, I think we should just allow the jury to continue deliberating.  She said she was fine deliberating, I think we should take her at that and move forward.

THE COURT:  Okay.

I asked the court reporter to pull up the

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 21 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 35 of 113

21

was surprised by that as a lifelong District resident, that may be a surprising response, but, nevertheless, I don't think anybody thought of it at the time.

You know, she's now told us that her father has been -- was convicted of -- I can't remember whether she said "convicted of" or "arrested for."  But, in any event, had been -- somehow been involved either as a defendant or in some way in the criminal justice system in a prostitution-type case.  So I do have some concerns about her responses.

I think here's what I'm going to do.  Let's adjourn jurors for the evening.  It's 4:30.

I'd like to look at this issue a little bit more closely.  I'm happy to get any further legal -- any thoughts from either side, either in the form of a brief or otherwise.

Why don't we plan to be back here at 9:00 tomorrow to take up the issue.  I'll ask the jurors to return at 9:30.  And we'll take it from there, okay?

I mean, look, the question is -- I mean, I think I have the ability to -- let's put it this way:  I think the rules contemplate taking a verdict with only 11 jurors, if there's a juror that is lost.  And I'm using that term because I'm not using the term "removed," but "lost for cause."  And I just don't know whether this rises to cause

Case 1:19-cr-00369-APM   Document 113   Filed 03/24/20   Page 22 of 27
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 36 of 113

22

or not, so we'll have to figure that out.

All right.  JC, do you want to let them know that they're dismissed for the day and we'll see them back at 9:30 tomorrow.

Yeah, why don't you just bring them all back in and just say, you know, you're released for the day.  Don't give any reasons.  Unfortunately, we're going to have to release you early today.  And we'll just leave it at that.  Come back at 9:30 tomorrow.

So I've asked the court reporter to clean that voir dire up with this juror.  So he'll clean that up and finalize it.

And we'll just all have to take a look at this overnight and see what we need to do first thing in the morning, okay?

Thanks, everybody.

(Proceedings concluded at 4:35 p.m.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CR No. 19–369 |
| | ) | Washington, D.C. |
|    vs. | ) | March 11, 2020 |
| | ) | 9:05 a.m. |
| TERRELL ARMSTEAD, | ) | |
| | ) | |
|     Defendant. | ) | Morning Session |
| _____ | ) | |

TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:
Kenya K. Davis
Amy E. Larson
U.S. ATTORNEY'S OFFICE – DC
555 Fourth Street, NW
Washington, D.C. 20017
(202) 252–7059
Email: kenya.davis@usdoj.gov
Email: amy.larson2@usdoj.gov

For the Defendant:
Peter Wright
LAW OFFICES
OF JONATHAN ZUCKER
37 Florida Avenue, NE
Suite 200
Washington, D.C. 20002
(202) 624–0784
jonathanzuckerlaw@gmail.com

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 3 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 38 of 113

3

P R O C E E D I N G S

DEPUTY CLERK:  All rise.  The Honorable Amit P. Mehta presiding.  Please be seated and come to order.

THE COURT:  Please be seated, everyone.

DEPUTY CLERK:  Your honor, this is Criminal Case No. 19-369, the United States versus Terrell Armstead.

Kenya Davis and Amy Larson for the government.

Peter Wright for the defense.

The defendant is present in the courtroom.

THE COURT:  Okay.  Good morning again, everyone.

Mr. Armstead, good morning to you.

All right.  So reconvening to discuss the juror issue from yesterday.

Let me just, before we begin, I want to make one correction and then add one fact to the record, though everybody is aware of the second fact.

The correction is that the note that came from juror 10 yesterday was actually not written by juror No. 10.  That was my mistake.  It was actually orally conveyed to Mr. Douyon, who then wrote down what she said to him on that Post-it.

I was under the impression yesterday, when we were talking and when I inquired of her, that she had actually written it down on the Post-it and was -- that that was -- I was corrected about that yesterday afternoon after we

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 4 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 39 of 113

4

adjourned.

And then the second thing:  We sent this to you all last night, but at 5:30 yesterday, the juror contacted the Courtroom Deputy and texted him.

And just so that this is on the record, the juror, at 5:31, texted Mr. Douyon:  "Hi, JC.  This is juror 0607" and then the juror's name.  "I don't know if they need this, but my dad's name is Ralph Leon Payne, deceased in 1975.  I will open to the entire case and honest.  Not personal."  Was the entirety of the text message.  So that's kind of where we are.

So the government filed a motion last evening asking to remove the juror and move forward with a jury of 11 people.

So maybe the place to start is with Mr. Wright and get your response to the government's motion.

MR. WRIGHT:  I apologize, Your Honor, I actually emailed a written response this morning.

THE COURT:  Oh.  I didn't --

MR. WRIGHT:  Apparently, it didn't make it up to the Court, but there's a copy.

THE COURT:  That's okay.

Give me a couple minutes, then, to just review this.

(Pause)

Case 1:19-cr-00369-APM Document 114 Filed 03/24/20 Page 6 of 51
USCA Case #22-3052 Document #1983680 Filed: 01/30/2023 Page 40 of 113

6

proceeding with that juror.

THE COURT: I guess the question, Mr. Wright, it seems to me is that, we have a juror who was asked, by my count, twice by me, and up to potentially three times by Mr. Zucker, whether any family member had been convicted of a crime. And in every instance, she said "No." And for her to now reveal that her father was convicted of a crime, albeit she says it was 45 years ago or maybe more, is cause for concern.

And I'm not passing judgment necessarily as to whether she was lying, as in, you know, willfully providing an untruthful answer. She may have been. But certainly, at a minimum, it suggests a lack of candor by the juror during the process. And there's certainly ample case law to support the removal of a juror who hasn't been candid in voir dire at this stage.

MR. ZUCKER: And I do recognize that.

My concern is, I don't know -- I don't think we can know, without prying deeply into her mind, whether or not she was actually being intentionally untruthful or anything of that --

As I pointed out in the motion, this is something -- her father was deceased in 1975, which would be about 45 years ago. I believe she's only 55 years.

I tried to find the case. I looked on PACER and

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 8 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 41 of 113

8

MS. DAVIS:  The Court's indulgence.

(Government counsel conferred off the record.)

MS. LARSON:  Judge, again, we have limited information because the records have been archived.

But there was both a D.C. case and then a case in Virginia that involved the DEA, and that's all we've been able to ascertain at this point.

So we don't know the nature of the charges. That's where we kind of are at this point.

But it does seem like there's at least one, if not two, cases.

THE COURT:  Okay.

MR. WRIGHT:  May I inquire through the Court if we know the year of either of those potential cases?

MS. LARSON:  1972.

MR. WRIGHT:  So this juror would have been six, seven years old at the time.

I mean, I hardly remember much of anything from when I was six, seven.  So anything -- you know, I can't imagine she had -- probably remembers much of her relationship with her father if he passed away when she was ten.  And we don't even know what relationship they had when he was alive.

THE COURT:  Right.

MS. DAVIS:  The concern comes in that I don't know

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 9 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 42 of 113

9

that this is any sort of deliberate falsehood or anything that she may have just -- it may have slipped her mind, she may have been thinking because he's not alive and hasn't been alive for a long time, it didn't need to arise.

THE COURT:  I'll tell you what my other concern is, at least it seems to suggest, and, arguably, could be viewed as a deliberate withholding of information, is when she actually answered my question -- to be clear here, I'm now reading from the official court transcript, because this was done at an expedited basis last night and I want to thank the court reporter for doing that.

She says, "So my father" -- this is her response. "I thought this would be a good case, because I would look outside the box.

"But my father was convicted in the Federal Court for -- it wasn't minor, but it was a -- but it was prostitution and drugs.  It was a very high-profile case.

"So I'm looking at this case not as my father but a lot of other jurors hasn't had that experience.  So I can see a lot of other avenues in this case.

"And my answers and the backfall," I'm not sure what that means, "I'm not comfortable with."

So I mean, there's a part of this statement that leaves me concerned that she was actually cognizant of or conscious of her father's prior conviction.

Case 1:19-cr-00369-APM Document 114 Filed 03/24/20 Page 10 of 51
USCA Case #22-3052 Document #1983680 Filed: 01/30/2023 Page 43 of 113

10

You know, she says, "I thought this would be a good case because I would look outside the box."

Now, you know, that's one way to read it.

You know, people aren't always the most articulate when they're put on the spot. And she's a layperson. So, you know, to hold her up to the standard of a lawyer would not be fair. But there certainly is the suggestion in her response that she was conscious of her father's conviction at the time of the voir dire.

MR. WRIGHT: And I recognize that that can be interpreted that way.

I could also see how it could be read that at some point throughout the proceedings, this kind of came back to the forefront of her mind.

You know, jurors all come in with their own individual experiences, and we don't know what she knew and when she knew it, is essentially kind of the struggle here.

I think -- you know, I don't want to jump ahead too much. But I think that based on the posture that we're currently in, we run into the issue that's discussed in the *Brown* case that I also cited, which I think it's hard, based upon her responses yesterday, to say that this -- that her desire -- or her question about removing herself from the jury is -- and, therefore, the revelations that came forth from that are all inextricably linked between how she's

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 11 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 44 of 113

11

viewing the evidence and the merits of the case.

There's no indication she's not deliberating in good faith or doing her due diligence back in the jury room. And so that's what, I think -- it puts me between a rock and a hard place.

THE COURT:  I've thought a lot about this and what she said.

And I will say that what you have suggested is certainly reasonable reading of what her statements seem to be conveying, may be conveying.

I mean, it is possible that one way to interpret her statements is that she is viewing the government's proof skeptically and, therefore, is a holdout.

On the other hand, I think there's also an equally plausible way to read her statements, which is that she's having personal difficulty because of what happened to her father in either; A, reaching a conclusion of guilt, in which case that would not be a valid basis to not find in the government's favor; or, two, that these personal feelings are just causing a conflict within her that she's having some trouble reconciling and reaching -- if she has concluded, as other may have, I don't know, that the government has carried its burden.

So I will be 100 percent clear on this record that I do not take from her statements any certainty one way or

the other as to whether she is a holdout or that she is skeptical of the government's proof or she's on board with the government's proof and is just simply having a difficult time, given her past, with all of it.

So I just don't know that we can draw -- I certainly am not drawing any firm conclusions about her view of the merits of the case.

MR. WRIGHT:  And I think that's fair.

Obviously, part of what we do is try and read the tea leaves of every little bit of info that we can get or anything of that nature.

But I do think that in that same regard, she did clearly state on the record yesterday that she would consider all the evidence, she would be fair to both parties, and she would render her verdict, I think she called it an answer, but she said she would stand beside it and believe in it.

THE COURT:  Yeah.  Okay.

MR. WRIGHT:  So, you know, as far as her inability -- the concerns of -- I think she should have dispelled the concerns that she may not be able to render a verdict by how clear she was at those answers yesterday.

THE COURT:  Okay.

Anything further, Mr. Wright?

MR. WRIGHT:  Not on this initial issue.

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 15 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 46 of 113

15

MS. LARSON:  Meaning that if -- the Court is absolutely within its rights under Rule 23 to remove this juror based on cause and we could proceed with 11.

Rule 24 also has a provision in it which allows, in this exact situation once deliberations have begun, for the alternate to be subbed in.

THE COURT:  Right.

MS. LARSON:  What I have not found is whether or not a defense request is dispositive on that point; if 24 trumps Rule 23.  That's what I have not found under current case law.

THE COURT:  Okay.

Let me just say at the outset that I've been doing a lot of thinking about this over the last 12-plus hours, even sometimes in my sleep.

This has not been an easy issue to deal with, but let me just kind of walk through what my thinking is here and provide everyone with a ruling.

Let me just first sort of recount kind of how we got here.

Yesterday, which was about one full day and three quarters or so into deliberations, so around 3:05 yesterday, we received a message from juror 0607.  That message was orally conveyed to the Courtroom Deputy that if I do -- was, in effect, "If I don't want to be on this jury, what are my

16

options?"

At that point, I had the jury in its entirety take a break; and during that break, I questioned juror 0607.

During that questioning and inquiry, she revealed, and I'll quote it again, "So my father" -- and I should say that she was -- she spoke with some emotion. I don't want to say she was emotional. She certainly wasn't hysterical. But she certainly spoke with emotion, I think, is a fair way to characterize her demeanor while on the stand yesterday.

And her response was, "So my father, I thought this would be a good case, because I would look outside the box. But my father was convicted in the Federal Court for, and it wasn't minor, but it was prostitution and drugs. It was a very high-profile case.

"So I'm looking at this case not as my father but a lot of our jurors hasn't had that experience, so I can see a lot of other avenues in this case, and my answers and the backfall I'm not comfortable with."

I followed up that response by asking her whether she thought she could still deliberate in good faith and still be fair to both sides, and she did confirm that she thought she could do that.

Then, at 5:30, the text message came from her that I mentioned earlier.

You know, look, the disclosure about her father's

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 17 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 48 of 113

17

past conviction, although they are remote, it seems, in time, raises, for me, concerns, at a minimum, about her lack of candor during voir dire and possibly intentionally misleading the Court and the parties.

It's hard for me, I will just say candidly, to know one way or another.

And, frankly, I'm not inclined to further probe her about this, because I do think there are Fifth Amendment concerns at this point.

But, you know, my concerns, as I mentioned earlier, about being intentionally misled, stem from her response that, "I thought this would be a good case, because I would look outside the box" could be read to suggest that she was mindful of her father's conviction when jury selection was happening and just didn't reveal it, for whatever reason, the fact of her father's conviction.

And to be clear, there's no doubt here that there were questions asked that should have prompted her to make a disclosure.

And specifically, question 7 of the voir dire asked:  "Has any member of the group" -- and that group included immediate family, close personal friends and close relatives -- "Has any member of that group ever been arrested for, convicted of, or charged with a crime?"  The general question that gets asked.

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 18 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 49 of 113

18

Question 8 was more specific:  "Has any member of that group been a victim of or a witness to the same or similar type of crime as the crime charged in this case; or has any member of that group been arrested, charged with a crime or found guilty or gone to jail for the same or a similar type of crime as the one charged in this case?"

So we had -- and I think this was a question urged at the government's request, but I can't recall for certain, but, nevertheless, was a question that was designed to elicit something even more specific than was in question 7 as to family members who had been convicted of similar conduct.

And if that weren't enough, during voir dire itself -- and, again, I'm reading now from the completed transcript which was done last night, the final transcript, which, again, thankfully -- thanks to the court reporter -- to our court reporter for doing this last night -- she was asked, as follow-up by defense counsel -- and let me back up.

She actually approached me -- when she approached the bench and we had voir dire with her, she had listed every number of every question on her card.  That's reflected in my response to her and when she came up.

And I, then, asked her -- I said that -- and that by itself isn't problematic, I have, from time to time,

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 19 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 50 of 113

19

jurors do that, they just write down the numbers, even though that's not consistent with my instructions, but that in and of itself isn't troubling.

And I asked her:  "Did you have any difficulty understanding any of the questions I asked?"

Her answer was:  "No."

I had allowed both sides to make inquiries, the government passed.

The defense did not and then asked:  "How long have you lived in D.C., ma'am?"

She answered:  "I'm 53.  53 years."

"53 years" was the defense response.

"Okay."

And the question asked by defense counsel was: "And you've never seen or don't know anybody who's been accused or a victim of a crime in those 53 years?"

So, again, he -- essentially, parroting my voir dire question, asking whether anybody who's been accused or a victim of a crime in those 53 years.

Again, the answer was:  "No."

Defense counsel's response was:  "You've been lucky."

And it didn't actually end there.

She then says:  "Now, I've sat on a Grand Jury to hear the prosecutor's side for charges, but I've never sat

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 20 of 51
USCA Case #22-3052   Document #1983680      Filed: 01/30/2023    Page 51 of 113

20

in the verdict."

Defense counsel said:  "Oh.  That wasn't my question.

"My question to you was" --

And she interrupted: "Have I ever had anybody that did a crime?"

Mr. Zucker's response was:  "To clarify, either a witness to or a victim of" -- or, excuse me, "either a witness to or a victim or accused of a crime."

She responded:  "Have I?  No."

And then he, again, responds trying to clarify: "Not have you personally been one.  Do you know anyone? Because the question" --

And she responded:  "No, I don't think so."

Mr. Zucker's response was:  "Okay."

She, again, reiterated:  "I don't think so."

And then there was some discussion about the Grand Jury and so on and so forth.

So, you know, she was asked at least three more times, through defense counsel's questioning, whether she had a relative who had been convicted of a crime in 53 years or accused of a crime in her 53 years, and she, each time, said:  "No."

So we kind of have now five instances at least where she was posed -- the question was posed about

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 21 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 52 of 113

21

relatives with criminal convictions, including one that was specific and had some nexus to the facts -- of the charges in this case, and she declined to answer "yes" in each instance, which -- not only because of the nature of the withholding, but the frequency with which the withholding was made.

And even with the prompting of defense counsel repeatedly does raise -- sort of heightens the concerns that she was not just misrecollecting, but intentionally misleading the Court and the parties, because while one could understand misrecollection or misunderstanding once or twice after the inquiry is made five times, and particularly given the impact it seems to have had on her, given her responses to me, it does seem to suggest that there was a withholding of information, rather than just a mere innocent misrecollection of it.

I, of course, can't make a firm conclusion because I can't see into her mind, but, nevertheless, it certainly, at a minimum, suggests a lack of candor, and there's evidence to point towards something more than that.

I don't think it can be doubted that had she answered and disclosed, it would have, at a minimum, prompted more questions from me and likely from government counsel.  Whether that would have provided a basis for cause, we really can't say at this point.

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 22 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 53 of 113

22

But what we do know is that there were other witnesses who answered questions of a similar variety that, at a minimum; A, elicited additional responses; and, B, in some cases, caused -- at least invited motions-for-cause strikes; in some cases, those were granted; in other times, they were not.

We're just sort of at a point where it would be artificial and speculative for any of us to be able to say what would have transpired had we been able to actually ask her follow-up questions in that moment, because we simply can't recreate that environment; and certainly not only in the questions, in the responses, but obviously something would be lost in our ability to observe her demeanor in the way in which she answered those questions.

So Rule 32(b)(3) provides, "That after the jury has retired to deliberate, the Court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the Court finds good cause to excuse a juror."

You know, the question, then, is:  Is a juror's lack of candor about a relative with a prior criminal conviction for a related offense and possibly lying about that fact good cause?

We didn't find anything that was directly on point in the D.C. Circuit.  The closest we came was a case called

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 23 of 51
USCA Case #22-3052   Document #1983680      Filed: 01/30/2023   Page 54 of 113

23

*United States versus Carson*, 455 F.3d 336.  It was a case in which the Circuit affirmed that trial court's removal of a juror for good cause were, there were a number of combinations at play, including that the juror had lied about symptoms giving rise to a need to go to a hospital during deliberation; reports of the juror being distracted and unfocused during deliberations.  But also, that the juror had provided inaccurate responses during voir dire about the juror's mental health.

And so while *Carson* doesn't speak to the mere inaccuracy of responses as the sole reason for good cause, it certainly is a case that involved inaccurate responses and a trial court considering the inaccuracy of responses in making a good-cause finding.

If one looks outside this Circuit, there's much more clear law about the removal of a juror who fails to make a disclosure in response to voir dire questions.

Probably the best and clearest case on that topic is *United States versus Delva* from the Second Circuit, 858 F.3d 135, from 2017, in which the Court affirmed the removal of a juror who failed to disclose a past criminal conviction.

And the Court there said that -- I don't have the case in front of me -- the Court there wrote, "Good cause encompasses a variety of problems that may arise with

24

respect to the jury, including misconduct.  Misconduct includes lying on voir dire."

The Court there, then, went on to sort of quote from *McDonough Power Equipment*, the Supreme Court case that talks about the importance of voir dire and the need for truthful answers.

And so the Court says:  "We see no abuse of discretion here in the procedure adopted by the District Court or in its ultimate decision to excuse juror No. 7.

"Whether or not juror No. 7's civil rights had been restored, she had no right to fail to respond truthfully to the juror questionnaire or to the Court's questions on voir dire.

"Her lack of candor about her criminal record at the pretrial stage, which the Court found continued in response to the Court's direct inquiry, gave the Court ample cause to dismiss juror No. 7."

There are other cases that are sort of a similar vein, *United States versus Lafontaine*, 673 F.App'x 81, also from the Second Circuit; *United States versus Patterson* from the Sixth Circuit, 587 F.App'x at 878.

And I think those are probably the best examples we were able to find of jurors' failure to provide candid responses with respect to a key voir dire question.

So I do think there is good cause to excuse juror

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 25 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 56 of 113

25

No. 11.  And so, therefore, I am going to excuse -- juror

No. 10, and so I am going to excuse her for good cause, for

the reasons I've stated.

The question then becomes whether I should proceed

with 11 or whether I should recall the alternate.

And the rules provide that the District Court, the

trial court has discretion in how to go about that -- has

discretion in which of those options to choose.

You know, Rule 23 doesn't specify which option the

Court must follow; however, interestingly enough, the

Advisory Committee notes, back from when the rule was

amended in 1983, actually express a strong preference for

going forward with only 11.

And I'm reading here from the Advisory Committee

notes:  "The judgment of the Advisory Committee is that it

is far better to permit the deliberations to continue with a

jury of 11 than to make a substitution at that point."

The Court -- I mean, the Advisory Committee goes

on to quote from various sources, including Wright & Miller

and ABA standards and Moore's.

But the idea here is that -- I'm quoting from

Wright & Miller -- "To permit substitution of an alternate

after deliberations have begun would require either that the

alternate participate, though he has missed a part of the

jury discussion, or that he sit in with the jury in every

case on the chance that he might be needed.  Either course is subject to practical difficulty and a strong constitutional objection."

Quotes from Moore's:  "That the inherent coercive effect upon an alternate who joins a jury leaning heavily towards a guilty verdict may result in the alternate reaching a premature guilty verdict."

It goes on to say that -- the committee goes on to write -- the advisory committee goes on to write:  "The essential difficulty with substitution, whether viewed only as a practical problem or a question of constitutional dimension, is that there does not appear to be any way to nullify the impact of what has occurred without the participation of a new juror.

"Even were it required that the jury review with the new juror their prior deliberations or that the jury, upon substitution, start deliberations anew, it still seems likely that the continuing jurors would be influenced by the earlier deliberations, and the new juror would be somewhat intimidated by the others by virtue of being a newcomer to the deliberations."  So that's certainly the position of the Advisory Committee.

There have been some case law on this.  Nothing from our Circuit that we could find.  There was a case called *United States versus Harrington*, 108 F.3d 1460, in

Case 1:19-cr-00369-APM Document 114 Filed 03/24/20 Page 27 of 51
USCA Case #22-3052 Document #1983680 Filed: 01/30/2023 Page 58 of 113

27

which the Court observed that Rule 23(b) expressly leaves the decision to proceed with 11 jurors in the trial court's discretion. But the question there wasn't the question of whether to go with 11 versus replace the alternate. It was that versus a mistrial. That's not even on the table here.

The best cases we were able to find were out of Circuit. The clearest case is *United States versus Brown*, 784 F.3d 1301 from the Ninth Circuit, which is exclusively devoted to this question of whether the Trial Judge needs to go with the alternate or can proceed with 11.

Essentially the Circuit in that case affirmed the Trial Judge's discretion to proceed with 11 in these circumstances.

And the same is true with a Fourth Circuit case called *United States versus Levenite*, 277 F.3d 454 from 2002.

And also note that there is a Second Circuit case called *Scopo* -- it's older, but -- *U.S. versus Scopo*, 861 F.2d 339. It's from 1988. So it does post-date the rule amendment to Rule 23.

And there, the Second Circuit said, citing Rule 23. And then it says: "This Court has stated that proceeding with 11 jurors is the preferred option."

Now, it's not clear to me whether the preferred there is 11 versus alternate or 11 versus mistrial. But,

28

nevertheless, there's some support in the Second Circuit for proceeding with 11 jurors.

That's the route I'm going to go here.  And I'm going to do so because we have a jury that, after extensive presentation of trial, including no less than six percipient witnesses of the alleged conduct and a heavy dose of records, has had at least a day and three quarters to review that evidence and deliberate about it.

I have no idea whether they've reached any conclusions about any of it.  But it's certainly -- just from the length of time, I think it's fair to infer from that that they have been very diligent in proceeding through all of the evidence and considering all of the charges.

There are eight counts here, so there's a lot to think about.  And so I just don't think it is realistic to believe that inserting an alternate at this point would result in true de novo deliberations, even though that would be my instruction.

It's just not realistic to think that the remaining 11 would not continue to be influenced by their review of the evidence and their deliberations of others and whatever conclusions that they may or may not have reached as to some or all of the counts.

I am also mindful, and this is not a make-work reason, but I have to be mindful of the fact of the

Coronavirus. We are literally living day to day on this. And, you know, we could walk in here at any hour or any day and be told that the Court is closed and there will be no further proceedings, public proceedings in this courthouse.

And so just given that risk, and I don't think it's an unrealistic one, I think there is some risk to that, given that there's a courthouse in Seattle that's closed; there have been restrictions placed on courthouses in the Second Circuit; that it's another thing I need to be mindful of.

And that I just simply think it is not the best way forward to simply wipe out one and three-quarter days of deliberations. Take the additional time to call the alternate back, and then instruct them to begin deliberations anew.

So for all of those reasons, I'm going to strike the juror for cause, and I'm going to elect to proceed with 11 jurors, rather than bring the alternate back.

Mr. Wright.

MR. WRIGHT: And given the Court's ruling and how the Court wishes to proceed, I at least want to get on the record that at this time, I think we're going to have to make a motion for a mistrial.

I believe that this issue, particularly in light of, obviously, defendant's Sixth Amendment rights to a fair

30

trial and impartial jury, as well as the ruling that I've referenced in *United States versus Brown*, it's 823 F.2d 591, it's a D.C. Circuit case from 1987 that's been cited, I found a citation as recently as 2016 re-affirming the holding; that I think the only option in this circumstance, because of the situation, would be to either allow that juror to continue deliberations or to declare a mistrial. And so I think that that's the motion I need to make at this point.

THE COURT: So the motion for the mistrial is denied.

I think it's pretty clear that the rule, Rule 23, contemplates the removal of a juror as an alternate, and proceeding with 11 as an alternate to declaring a mistrial.

In fact, that's exactly why the rule was amended: To remove what otherwise was the practice or at least the difficult decision courts were left with, which was either having to keep a juror that otherwise shouldn't be there and declaring -- or declaring a mistrial.

And so, you know, for the reasons that I've already articulated, the rules permit it, there's no constitutional problem with proceeding with 11, and so the mistrial will be denied.

All right. Let's bring the juror No. 10, juror 0607, into the courtroom.

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 31 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 62 of 113

31

Ma'am, have you been --

Have a seat right over in the first seat, if you'd like to.

Have a seat, everyone.

How are you this morning, ma'am?

JUROR 0607:  Fine.

THE COURT:  And you're juror 0607 this morning?

JUROR 0607:  Yes.

THE COURT:  Just so it's on the record.

So this is hard for me to do, but I'm going to actually excuse you from further deliberations at this point.

Let me just say, I want to express my gratitude for your time and attention for the last two weeks.  I'm grateful, the parties are grateful.  But I think we have gotten to the point now where, in light of some of the things that have happened in the last 24 hours, I've reached the decision to excuse you at this point from the jury.

JUROR 0607:  Okay.

THE COURT:  I would ask you, at this point, to be mindful of the same rules that we talked about, which is not to discuss the case with anyone else at this point.

Certainly if you've developed relationships with your fellow jurors at this point, don't reach out to them about any of this.  I would ask you not to notify them about

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 32 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 63 of 113

32

anything that's transpired in the last two days.

We will contact you once a verdict has come back. So at that point, you'll be free to discuss the case with whomever you'd like to.

But until you've heard from us, I'd ask you to continue to be mindful about not discussing the case, okay?

JUROR 0607:  Okay.

THE COURT:  Thank you.

JUROR 0607:  Well, thank you, guys.

THE COURT:  All right.

Have a seat, everyone.

And let's just cool your heels for a few minutes while that juror is -- leaves, and then we'll bring the jury in to tell them to continue deliberating with only 11.

DEPUTY CLERK:  Jury panel.

(Jury entered the courtroom at 9:51 a.m.)

THE COURT:  Please be seated, everyone.

Okay.  Good morning, everyone.

THE JURORS:  Good morning.

THE COURT:  Nice to have you all back this morning.

Momentarily, you will be continuing your deliberations, but I need to advise you of something before you do and also ask you one question.

The juror who is ordinarily seated in seat 10,

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 33 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 64 of 113

33

I have had to excuse, and so she will no longer be with you during your deliberations.

The question I have to ask is whether anybody has had any discussion with her in the last day or so about any proceedings that have happened in court?

A JUROR:  In court?

THE COURT:  Right.

A JUROR:  No.

THE COURT:  No?  Okay.  Fine.

So as I said, she has to be -- I've had to excuse her.

At this point, you should not speculate or try to guess about the reasons for -- ma'am?

A JUROR:  I mean.

THE COURT:  Hang on one second.

You're the juror in seat 5.

And actually, why don't you come on up.

I'm going to ask you to come on up.

And I'll ask counsel to come up with the juror in seat 5.

Let's have everybody come on up first.

(Bench conference)

THE COURT:  Does Mr. Armstead have his headphones?  Okay.

A JUROR:  We didn't have a discussion in court,

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 34 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 65 of 113

34

but we had a discussion at lunch.

THE COURT:  Well, let me -- if I wasn't clear, I was asking about whether you'd had a discussion with her about anything that had happened in court since yesterday regarding her.

A JUROR:  I know why -- but I know how she's feeling about the case.

THE COURT:  Okay.

But -- that's fine, and I don't think there's any problem with that.

A JUROR:  Okay.

THE COURT:  I think -- has she had any discussions with you --

A JUROR:  About her lifestyle or her past?

THE COURT:  Yes, her past.

A JUROR:  Her past.

THE COURT:  And what has she said?

A JUROR:  That her father was a pimp, and that's it.

THE COURT:  Okay.

A JUROR:  And that was the reason why, like, it was very -- it's been kind of gray for her in a lot of areas.  And I could understand -- like I understood that.  But --

THE COURT:  Well, I don't need to know anything

Case 1:19-cr-00369-APM   Document 114   Filed 03/24/20   Page 35 of 51
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 66 of 113

35

more in terms of how that affected you or -- let me ask the follow-up question, which is:  Was that conversation that you all had one on one or was that something that was said in the presence of other jurors?

A JUROR:  We had it in the lunch room.  She kind of mentioned it.

And I don't know necessarily how many people heard it.  But we were at a table and she mentioned it then.

And, like, her and another -- her, myself, and another juror, we had, like -- she was more so talking, and we kind of started talking about something else.

THE COURT:  Okay.

Anything else that -- did she share anything else with you about her father --

A JUROR:  No.

THE COURT:  -- and how that was affecting her?  Okay.

A JUROR:  I mean, I just knew it was affecting her.  Like, she was emotionally tied to it.

THE COURT:  Right.  Okay.

A JUROR:  So that was it.

I didn't dig anything further.

THE COURT:  And you said there was another juror present or more than one juror present?

A JUROR:  I'm trying to think of the number

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CR No. 19-369 |
| | ) | Washington, D.C. |
| vs. | ) | March 13, 2020 |
| | ) | 3:45 p.m. |
| TERRELL ARMSTEAD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF JURY DELIBERATIONS PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          Kenya K. Davis
                            Amy E. Larson
                            U.S. ATTORNEY'S OFFICE - DC
                            555 Fourth Street, NW
                            Washington, D.C. 20017
                            (202) 252-7059
                            Email: kenya.davis@usdoj.gov
                            Email: amy.larson2@usdoj.gov

For the Defendant:          Peter Wright
                            LAW OFFICES
                            OF JONATHAN ZUCKER
                            37 Florida Avenue, NE
                            Suite 200
                            Washington, D.C. 20002
                            (202) 624-0784
                            jonathanzuckerlaw@gmail.com

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 4 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 68 of 113

4

foreperson, No. 13, to kind of stand near, because I want to talk to her about her scheduling issues, and we'll go from there.

(Juror entered)

THE COURT:  Hello, ma'am.  Why don't you have a seat right there.

Have a seat, folks.

Good afternoon.  How are you?

A JUROR:  I'm good.

THE COURT:  All right.

Are you the juror who's in seat 1?

A JUROR:  Yes.

THE COURT:  All right.

So we received a note.  I believe you drafted the note?

A JUROR:  I wrote it, but the foreperson signed it.

THE COURT:  The foreperson signed it.

And it just simply says:  "Juror No. 1 would like to speak with the Judge."

A JUROR:  Yes.

THE COURT:  So I guess what I'd like to do is just try and figure out what prompted you to write the note, okay?

A JUROR:  Because she asked me.

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 5 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 69 of 113

5

THE COURT:  I'm sorry?

A JUROR:  She just asked me to write it down myself.

THE COURT:  Okay.

Well, let's -- before I sort of ask you some questions, I want to be cautious here.

And your deliberations are secret.

A JUROR:  Right.

THE COURT:  And so I would ask you to avoid telling us anything about where things stand in the deliberations; whether -- so, for example, whether you've reached verdicts on some counts, no counts, or anybody's particular view, your view.  All of that is secret, and so I'd ask you to just be mindful to not share any of that with me when I ask you the questions, okay?  That may be tough, but let's take this one step at a time.

So let me just first ask whether there are any health concerns or health issues?

A JUROR:  Oh, no, not with me, no.

THE COURT:  With any other jurors, health issues?

A JUROR:  (Shaking head.)

THE COURT:  Does the note concern -- well, let me just ask open-endedly:  What is it that is prompting the concern?

And, again, I'll just ask you to be mindful not to

Case 1:19-cr-00369-APM Document 116 Filed 03/24/20 Page 6 of 35
USCA Case #22-3052 Document #1983680 Filed: 01/30/2023 Page 70 of 113

6

share with us where things stand with your deliberations.

You can tell me, for example, whether you're frustrated or finding things to be difficult or what have you, but let's not descend into specifics about who's saying what or whether you've reached verdicts on any particular counts at this point, okay?

A JUROR: Yeah, it was all of the things that you said.

And as a whole group, it seems that way, as far as frustrated, not understanding certain elements, and different things like that.

THE COURT: Okay.

Well, let me make a couple of observations; one, is frustration is understandable.

A JUROR: Right.

THE COURT: You all have been at this for several days. And it's not unusual for people to have different views of the facts and for them to express that. So I can appreciate the frustration, I get that.

Secondarily, you know, if you or any of the other jurors have specific questions about the instructions, there's a mechanism for you to ask those questions and ask me for further clarification.

So if you or anybody else finds himself or herself confused about an instruction, then, by all means, what you

Case 1:19-cr-00369-APM  Document 116  Filed 03/24/20  Page 7 of 35
USCA Case #22-3052  Document #1983680  Filed: 01/30/2023  Page 71 of 113

7

ought to do is simply write a note saying, "We'd like some clarity on the following" --

A JUROR:  Okay.

THE COURT:  -- and then I can provide that clarity.

And then finally, you know, look, I think all of us are grateful, we know you all have been working really hard.  And so we can appreciate that some level of frustration may have set in, because I suspect no one thought -- well, let's just say, I suspect nobody expected that you would still be at it as of now.  But you are, and people have different views, so it's not necessarily uncommon.

So I'm going to send -- and is there anything else that you -- that sort of prompted this, or did we kind of cover the waterfront without getting into too many details, without any details?

A JUROR:  I don't think I could say.

THE COURT:  Okay.

I'll just ask you to have a seat in one of those seats over there and then I'll just ask counsel to come up to the bench, please.

(Bench conference)

THE COURT:  All right.

Does anybody want me to make any further inquiries

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 8 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 72 of 113

8

of the juror before I send her back?

MS. LARSON:  No.

I mean, I'm just concerned that if the foreperson is asking about scheduling, it's not just going to be the foreperson.

THE COURT:  No.  Of course.

MS. LARSON:  I mean, the schools are closed next week --

THE COURT:  I know.  I know.

MS. LARSON:  -- and I don't know what to do.

THE COURT:  I don't know what to do either.

We'll have to set up daycare here.

Why don't we send her back, and then I want to ask you all something before we bring the foreperson in.

(Open court)

THE COURT:  All right, ma'am.  Mr. Douyon will take you back.  Thank you.

(Juror exited)

THE COURT:  So I guess the one -- it may not be clear -- I don't know whether they have reached any verdicts on any counts.  And they may not understand that they can tell me that they have reached a verdict on some counts and are hung on others.  I mean, they may think that, look, we've got to either -- we've got to be unanimous on everything but not -- or not at all; in other words, they

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 9 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 73 of 113

9

may not understand that they can come back with a partial verdict.

So the one thing I would propose asking the foreperson, when she does come out here, is whether they have reached a verdict as to any counts, and obviously not to tell us what that verdict would be, but whether they have reached a verdict as to any count.

And does anybody think there's a problem with making such an inquiry?

MS. DAVIS:  The Court's indulgence.

(Government counsel conferred off the record.)

MS. LARSON:  Judge, I'm just trying to figure out if it's under the instructions under deliberations, if there's any preliminary either charge or instruction that has to be given before we ask about a partial.  So I'm just trying to verify that.  I know we were looking at this the other day.  I just don't want to misstate anything.

THE COURT:  Does anybody know what the deadlock instruction is off the top of their head, what number it is?

MR. WRIGHT:  2.601.

THE COURT:  Yeah, that's what it looks like.

(Pause)

THE COURT:  All right.

Counsel, is there anything that you are seeing that you think I ought to --

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 13 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 74 of 113

13

way:  It certainly would be remiss of me to declare a mistrial before I at least made that inquiry --

MR. WRIGHT:  I agree, Your Honor.

THE COURT:  -- right?

MR. WRIGHT:  And this is just -- I'm not as familiar -- I know the Court has the authority to take a partial verdict.

But I would need to look into it further. I'm not sure if the Court knows about the authority to essentially instruct them that they can give us a partial verdict prior to them sending a note saying, "We've reached a verdict on some counts."

THE COURT:  Well, let's do this:  Let me at least make the inquiry and ask whether they have reached a verdict as to any count, and then we can talk about whether it would be appropriate, before the end of the day, to say to them, you know, you can come back with a partial verdict, because I don't think there's any misstatement of the law as to that.  I think the only question is, is it coercive in one way or the other, and, frankly, after five days, a little bit of coercion probably would not be a bad thing.

MS. LARSON:  I'm sorry, Mr. Wright.

I agree.  I think that one of the things that was concerning about what juror 1 said -- and, again, I don't know if it's just her view or others, but she specifically

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 15 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 75 of 113

15

Maybe that's the best option.  Then we can give them more time and figure out where we are in the next 45 minutes or so.

THE COURT:  All right.  Well, let me at least bring her in.

I will make the simple inquiry about whether they have reached a verdict as to any count.

I will not probe any further than that or provide any instruction further than that, because I can -- well, let's just do that.

(Juror entered)

THE COURT:  Hi.  How are you?

A JUROR:  Good.  Hello.

THE COURT:  I just want to make sure you are the juror in seat 13, juror 1081, correct?

A JUROR:  Yes, sir.

THE COURT:  Okay.

And you're also our foreperson?

A JUROR:  Yes, sir.

THE COURT:  Okay.

You've, as I understand, expressed a couple of -- or expressed some concern about scheduling, if we go into Monday, childcare concerns.

So can you just share with me a little bit about the childcare concerns, including the age of the children,

16

and so we can talk through what, if any, solutions we may try and have here?

A JUROR:  Oh, absolutely.

So I have a three-and-a-half-year-old that's in pre-K.  And this morning -- actually, yesterday, D.C. public schools announced that the school closure that would be taking place on March 20th has been moved up to March 16th.

At that time, I did find accommodations.  But then as I was en route here, they, then, announced that they will be expediting spring break from April to now, the week of March 16th through the 20th, and that has complicated matters, and I would not have adequate childcare for the duration of the week.

THE COURT:  So let's just talk about Monday.

So am I understanding correctly that you would not have adequate childcare starting Monday; is that right?

A JUROR:  Starting Tuesday.

So initially when it was only going to be the 16th that we didn't have school, I had found a solution.

THE COURT:  Okay.

A JUROR:  But now, that has extended to the entire week.

THE COURT:  Understood.

A JUROR:  Yes.

THE COURT:  So to be --

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 17 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 77 of 113

17

A JUROR:  And they just threw that on us en route.

THE COURT:  Oh, I know.  My kids are DCPS kids, too --

A JUROR:  Okay.  Yeah.

THE COURT:  -- and so they are now in the same situation as your three-and-a-half-year-old.

A JUROR:  And my mother was supposed to have been traveling back from Europe to help me, and now she's stuck.  So my life is quite stressful right now.

THE COURT:  Yeah.  Understood.

All right.

So, at a minimum, we're okay for Monday?

A JUROR:  Yes.

THE COURT:  And I guess we can figure out where to go from there.

And maybe we can talk about what, if any -- say, hypothetically, we went to Tuesday, are there people, whether it be friends, family, with whom you could leave your child for a portion of the day or for the entirety of the day?

A JUROR:  I don't know that as of yet, because I haven't had the opportunity to research that.

THE COURT:  Okay.  Fair enough.

A JUROR:  Since I didn't find this out until I was on my way here.

18

THE COURT:  Sure.

Well, that's something, if we find ourselves still deliberating on Monday, you could make the inquiry over the weekend, right?

A JUROR:  Yes.  Absolutely.

And what I can do is, I'll text JC if I hear anything by the end of the day.

THE COURT:  All right.

So let me ask this, which is -- and let me preface the question by saying, I don't want to know where things stand in the deliberations; I don't want to know what your views are on any particular count or any other juror.

A JUROR:  Okay.

THE COURT:  But I do have a discrete question, which I think you can answer in a yes-or-no fashion.

A JUROR:  Sure.

THE COURT:  And that is, whether the jury has reached a verdict, a unanimous verdict as to any of the counts?

A JUROR:  Yes.

THE COURT:  Not necessarily all of them, but as to any of the counts?

A JUROR:  Yes.

THE COURT:  All right.  That's helpful to know. All right?  Thank you.

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 26 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 79 of 113

26

(Government counsel conferred off the record.)

MS. DAVIS:  Okay.

We -- if given the instructions that they will get now, we would not be seeking to get the *Winters* instruction, if they come back at an impasse on any of the counts.

THE COURT:  Okay.

Mr. Wright?

MR. WRIGHT:  (Nodding head.)

THE COURT:  So let's bring them in now, we'll give them the instruction, and they can -- we'll see whether it shakes anything loose before the end of the day.

DEPUTY CLERK:  Jury panel.

(Jury entered the courtroom at 4:34 p.m.)

THE COURT:  Please be seated, everyone.

Ladies and gentlemen, welcome back.

Thank you.  I know it's been another long day for everyone.

Before the day ends, I want to give you two instructions; those instructions are as a result of some of what I've been told by the two jurors that I've brought in here over this past few minutes.

The first instruction is simply more a reminder, which is that:  If there are questions that you have about any of the instructions, including the elements of any of the offenses as to which you would like some clarification,

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 27 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 80 of 113

27

the mechanism for that is to write me a note and express whatever question you may have on that note, and then I can consider the note with the parties and we can try and answer that question to the best of our abilities.  So that's one.

The second is an instruction that you already have, but I'm going to give you a little bit more to this instruction than what you presently have on your -- in your jury instructions.

There is an instruction, and it's on page 36, it's titled "multiple counts," okay?

So the instruction I'm going to read to you, there's a little bit more to this instruction than what's on the paper version of the instruction that you have in the back, okay?  So I'll read this to you a couple times:

"Each count of the Indictment charges a separate offense.  You should consider each offense and the evidence which applies to it separately, and you should return separate verdicts as to each count.

"The fact that you may find the defendant guilty or not guilty as to any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment.

"At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count."

Case 1:19-cr-00369-APM   Document 116   Filed 03/24/20   Page 28 of 35
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 81 of 113

28

So let me read that to you one more time:

"Each count of the Indictment charges a separate offense.  You should consider each offense and the evidence which applies to it separately, and you should return separate verdicts as to each count.

"The fact that you may find the defendant guilty or not guilty as to any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment.

"At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count."  Okay?

All right.  So we're going to adjourn at this point and ask you to return to your deliberations and we'll go until 5:00 today, okay?

And if you are still deliberating at 5:00, we'll ask you to return Monday at 9:00 a.m.

Thank you, all, very much.

(Jury exited the courtroom at 4:37 p.m.)

THE COURT:  Unless there's an objection, I would like to give them the written multiple-counts instruction add as revised as I just read it.  It's just the full instruction, okay?

So we'll type one up and then it's going to track this.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,              )
                                       )
          Plaintiff,                   )
                                       )    CR No. 19-369
                                       )    Washington, D.C.
        vs.                            )    March 16, 2020
                                       )    9:18 a.m.
TERRELL ARMSTEAD,                      )
                                       )
          Defendant.                   )
_____)


   TRANSCRIPT OF JURY DELIBERATIONS AND VERDICT PROCEEDINGS
          BEFORE THE HONORABLE AMIT P. MEHTA
             UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          Kenya K. Davis
                             Amy E. Larson
                             U.S. ATTORNEY'S OFFICE – DC
                             555 Fourth Street, NW
                             Washington, D.C. 20017
                             (202) 252-7059
                             Email: kenya.davis@usdoj.gov
                             Email: amy.larson2@usdoj.gov


For the Defendant:          Jonathan S. Zucker
                             Peter Wright
                             LAW OFFICES
                             OF JONATHAN ZUCKER
                             37 Florida Avenue, NE
                             Suite 200
                             Washington, D.C. 20002
                             (202) 624-0784
                             jonathanzuckerlaw@gmail.com

Case 1:19-cr-00369-APM Document 117 Filed 03/24/20 Page 3 of 41
USCA Case #22-3052 Document #1983680 Filed: 01/30/2023 Page 83 of 113

3

P R O C E E D I N G S

DEPUTY CLERK: Your Honor, this is Criminal Case No. 19-369, the United States of America versus Terrell Armstead.

Kenya Davis and Amy Larson for the government.

Jonathan Zucker and Peter Wright for the defense.

The defendant is present in the courtroom.

THE COURT: Okay. Good morning, everyone.

Mr. Armstead, good morning to you, sir.

Okay. So let me just kind of get -- recap, for the record, events that have taken place since last Friday when we were all together.

When we departed on Friday, the understanding was that we would have the jury come back at 9:00 a.m. this morning to continue its deliberations. I had given a -- I had sort of re-read the multiple counts instruction, which included the bracketed language on that standard instruction, that advised the jury that it could return essentially a partial verdict; that's not the actual words that gets used, but that's the gist of it. But the jury didn't come back before 5:00. We adjourned at 5:00, with the expectation they'd come back at 9:00.

Then yesterday morning at 9:00 -- excuse me, at 10:39 a.m., the Courtroom Deputy received a note -- text message, I should say, from juror 13, who is also the

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 4 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 84 of 113

4

foreperson, she's also the juror that I made inquiries of Friday afternoon as to her availability today and going forward, she was the juror who had expressed concerns because of childcare issues.

And she wrote as follows:  "Dear JC," our Courtroom Deputy, "I would like to inform the Court that, as recommended by the CDC, WHO, U.S. Federal Government, and our family doctors, as of today, my network of family, friends and formal childcare providers are self-quarantined; therefore, I have no access to childcare and no ability to leave my son.

"Furthermore, as of 8:00 p.m. Friday, the 13th of March, the District of Columbia Public Schools will be closed through the 31st of March.  As the days go on, the situation around COVID-19 has severely impacted all of us.

"I hope the Court can see that I've tried my best to be present and seek out alternate arrangements to be made to participate; however, as this pandemic grows and the heaviness of the unknown increases, I respectfully ask for either a pause for myself and fellow jurors until this eases or that I be relieved of my duties as juror 13.  There's just absolutely no way I can be present with this current scenario."

So after we received the text message, I spoke with the juror and sort of went through her text message and

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 5 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 85 of 113

5

also the various options that were present.

I asked her whether she would -- whether she had any kind of childcare that would allow her to be present this morning.  She answered "no."

I asked her whether she would be prepared to come to the courthouse this morning, at least for a short period of time, so that we could figure out the way forward.  She also said "no."  She said she was concerned about exposing her son to people that she didn't know.

And then finally, I asked her about her availability via Skype or FaceTime, and she said that she could be available remotely.

I, then, made arrangements to talk to the parties yesterday.  I think we spoke, I don't remember what time it was, early afternoon, in which I essentially just conveyed to each of you what I just summarized.  I didn't ask anybody for their view on how we ought to proceed, given that we were not on the record and that we did not have Mr. Armstead present.

I did, however, articulate what my thinking was about how we would proceed; and specifically, that is, my intention would be to have the jury here, physical -- those who are physically present, that is, the ten remaining jurors, and have the 11th juror, juror 13, be remoted in via Skype.

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 6 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 86 of 113

6

The plan, as I had proposed it, would be to accept the partial verdict, assuming there is one.  The foreperson did indicate on Friday, when I spoke with her, that they had reached a verdict as to some counts.  We didn't probe any further than that.  And then have them return that partial verdict, and I would declare a mistrial as to the remaining counts.

So, again, I didn't ask for anybody's view or position, so why don't we start there and see what either side wishes to say about the current state of affairs.

We can start with Ms. Davis or Ms. Larson.  Do you all have a position or comments you want to put on the record?

MS. DAVIS:  No, Your Honor.  Just that we agree with the Court's formulation and, hopefully, we'll have the mechanism for the jury to still be polled if defense is asking for that.

MR. ZUCKER:  Thank you, Judge.

I recognize these are exceptional circumstances and the Court is doing that which it can under these circumstances; however, I've discussed it with Mr. Armstead and Mr. Wright.

And although the jury certainly has the option to render a partial verdict, should they chose to do so, they have not indicated a desire to do so.

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 7 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 87 of 113

7

And in view of that -- the one juror's claim that they've reached a verdict on one or more counts is tentative.  So we object to taking the verdict and instructing the jury that they have to render the verdict now.

And especially under the circumstances where they're not all present and, arguably, can deliberate somewhat by technology but that's certainly not the norm and not what -- I mean, I've never seen a juror do that before; I don't know if there's precedent for it.

THE COURT:  Never seen a juror just refuse to come in?

MR. ZUCKER:  No.

THE COURT:  Oh.

MR. ZUCKER:  That, I've heard of and seen.

THE COURT:  Right.

MR. ZUCKER:  That's not what we have here.

We don't have a juror who's refusing to come in volitionally.  She's telling you she simply physically can't be available.  And I understand the limitations she's under. And, you know, I don't think anybody's saying she should be chastised or criticized for putting the health and welfare of her child above her jury duty.

No.  What I'm saying is, I've never seen a juror deliberate by Skype or videoconferencing.  And I've never

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 8 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 88 of 113

8

seen a verdict rendered that way.  And I don't know if there's any precedence for it, but we would be opposed to it.

I understand the Court is doing the best it can under the circumstances, but I also have an obligation.  And so -- in further to that --

THE COURT:  So what course are you asking me to pursue or follow?

MR. ZUCKER:  Well, if they're -- it's interesting.

I guess, frankly, because we have one juror who cannot be present, therefore, deliberations cannot continue, we'd ask for a mistrial, period.

That being denied, we will object to instructing the jury that they should render a verdict notwithstanding their saying -- notwithstanding their ever giving an indication they were prepared and wanted to render a partial verdict.

THE COURT:  Well, to be clear, a couple things; one is, you are right that they have not indicated that they wish to or are prepared to render a partial verdict.

What my formulation -- what I intend to say to them is not that they have to; that is to say, if you have reached a verdict as to certain counts or any counts, that you should return that verdict now.  That is a formulation that, I think, is a little bit more open-ended.

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 9 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 89 of 113

9

And I guess I could add that, "If you do not believe you are able to return a partial verdict now, then you should let us know that, too."  Because if they are not able to reach a partial verdict, then we're in a very different place than where I thought we would be.

So I'm certainly not going to say anything coercive that directs the jury to return a partial verdict. I will, however, say to them, "If you have reached a partial verdict" -- I won't use the term "partial verdict," but I'll say, if you've reached a verdict as to any counts, we're going to ask you to return that verdict now.  If you are not able to receive -- if you've not reached a verdict as to any count, you should -- as to any -- well, if you've not reached a verdict as to any particular count, we're going to ask you to let -- inform us of that as well.

And we're going to use the jury verdict form to -- for that purpose.

MR. ZUCKER:  I guess -- I don't want to be argumentative with the Court, but we've already told them they could render a partial verdict and they haven't indicated a desire to do so.

THE COURT:  Well --

MR. ZUCKER:  And by saying to them, if you have reached one, we want you to render it now, you're essentially instructing them to render a verdict.

10

THE COURT:  Here's the part -- well, that may be, but -- they certainly could have interpreted it that way.

But, you know, I've got to sort of leave this open-ended with the possibility that they have not --

MR. ZUCKER:  Fine.

THE COURT:  -- and I intend to word it in that way.

Look, there is no technologically feasible way to continue the deliberations, and there's not a practical way to do it.

Technologically, it's not feasible, because, while in theory the remote juror could participate, the problem is, we don't have -- she doesn't have access to the exhibits.  And so to the extent that they want to discuss evidence, whether it be any of the documents of the audio evidence, there's no way to provide that to her in a meaningful way that she can review it.  You know, could we hold up a document to a camera?  I can't rely on the jurors to ensure that she gets complete and full access to all the evidence, even though they may make their best efforts to try and to do that.

Secondly, she's got to take care of her three-year-old son.  So, from a practical standpoint, she's going to have her attention divided and is simply not going to be in a position where she can devote full attention that

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 11 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 91 of 113

11

we would ask for a juror to devote to issues of this kind of gravity.

So the only options are the ones that I've suggested, which, for the reasons you suggest, Mr. Zucker, may not be optimal but, nevertheless, is an option.

The other option is to have these jurors come back at some indefinite point in time.  But I don't think that's a real option either because, the reality is, we have no idea when that point in time will be.

And while the DCPS schools are closed for two weeks, you know, I would bet some amount of money that they will be closed after that two weeks.  And so the availability of this juror --

And I should add, I had one juror just approach me in the hallway in the back simply saying, "I need to talk to you."  I said, "Let's not have that discussion now."  But I've got to believe that -- and this was juror 9, I believe, the white male juror in the back -- I suspect he's not -- if that's what he wants to talk about, I'm sure he's not the only one who has concerns.

So balancing all the things I've got to balance, I think this is the most reasonable way of proceeding.

MR. ZUCKER:  Okay.

I understand the dilemma the Court's in, and I understand the Court is doing the best you can.

12

I'm sure the Court understands that we also have to do our jobs.

So I'll make the motion for the mistrial, because the jury can't deliberate further.  And I understand the Court's ruling to proceed as suggested.

THE COURT:  Okay.

Well, I'm going to deny the mistrial, at least at this point.

I'm going to ask the jury to deliver the partial verdict, if, in fact, they have reached one, and we'll sort of proceed in that fashion.

Now, here's what I would propose we do.

I'm going to bring them in, we will bring our 11th juror, our foreperson, in remotely via Skype, which I think is set up, John; is that right?

I'm directing the question to our courthouse IT person.

MR. CRAMER:  Your Honor, it's set up.  We haven't had a full connection yet with the juror.  We are working on that.

THE COURT:  Okay.

Well, we're going to -- hopefully, knock on wood, all of the technology allows her to be present.

Once everybody is here, including the remote juror, I'll instruct them, as we've discussed, to complete

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 19 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 93 of 113

19

And so here is how we are going to proceed: You all will recall that on Friday afternoon, I gave you another -- or I instructed you about multiple counts as they relate to a single defendant.

And let me just make sure the record is clear and everybody understands once this gets -- if this ever gets reviewed:  That I have all ten jurors here who are -- I have ten jurors physically present, and the 11th juror, who's the foreperson, is present in the courtroom by video through FaceTime on my iPad.

You'll recall that I gave you an instruction.  And part of that instruction indicated that at any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

So what I'm going to ask you to do, and instruct you to do this morning, is let us know if you have received -- reached a verdict of guilty or not guilty with respect to any count.  If you have, what I am going to ask you to do is to complete your verdict form and tell us what that verdict is.

Now, again, that is an "if."  If you have not reached a verdict as to any particular count, I'm going to ask you to simply say "no verdict" on the verdict form, okay?

So you'll have your verdict form.  As to any

20

particular count, if you have reached a verdict, simply indicate what that verdict is.  If you have not reached a verdict as to a particular count, simply indicate on the verdict form "no verdict," okay?

We're going to proceed as follows:  Because our foreperson is not here, what I'm going to ask you all to do -- the first thing you need to do is elect a new foreperson.  And the reason for that is simply, a foreperson needs to physically sign the verdict form; and so because she is not physically present, she can't do that.  So I'm going to ask you all to simply have a new foreperson selected.

Secondly, you will all, then, complete the verdict form.

Now, as I said, if and only if you have reached a verdict as to any particular count, should you so indicate. I'm not asking you to come to a conclusion if you have not.

Remember, your verdict must be unanimous, even though you're now down to 11.  And even though we've come to this somewhat odd place that we normally would not come to in most trials, your verdict still needs to be unanimous as to any particular count.

And so if you have reached a unanimous verdict as to a particular count, please indicate what that verdict is. If your verdict -- excuse me, if you have not reached

23

(Jury exited the courtroom at 9:55 a.m.)

(Recess from 9:58 a.m. to 10:27 a.m.)

DEPUTY CLERK:  All rise.  The Honorable Amit P. Mehta presiding.  Please be seated and come to order.

THE COURT:  Please be seated, everyone.

DEPUTY CLERK:  Your Honor, this is Criminal Case No. 19-369 --

THE COURT:  We're calling the jury back in.

A JUROR:  Okay.

DEPUTY CLERK:  -- the United States of America versus Terrell Armstead.

Kenya Davis and Amy Larson for the government.

Peter Wright and Jonathan Zucker for the defense.

The defendant is present in the courtroom.

THE COURT:  Okay.

Ladies and gentlemen, we're calling our jurors back in; we've been told they have completed the verdict form.

(Pause)

DEPUTY CLERK:  Jury panel.

(Jury entered the courtroom at 10:28 a.m.)

THE COURT:  All right.  Please have a seat, everyone.

Welcome back, ladies and gentlemen.

We have our ten jurors who are present here today

24

in the box, and our 11th juror, juror No. 13, remains with us via FaceTime.

Okay.  So do I understand correctly that you have completed the verdict form?

JURY FOREPERSON:  Yes.

THE COURT:  Okay.

So could I have the foreperson hand that verdict form to Mr. Douyon?

Thank you.

All right.  So I'll just ask the foreperson to stand at this point.

So I'm going to go through each count, and I will ask you to simply announce whether -- if you have reached a verdict, what that verdict is.  If you have not reached a verdict, simply say "no verdict," okay?

On Count 1 as to sex trafficking by force, fraud, or coercion of S.B., how do you find?

JURY FOREPERSON:  No verdict.

THE COURT:  As to Count 2, sex trafficking by force, fraud, or coercion as to O.S., how do you find?

JURY FOREPERSON:  Guilty.

THE COURT:  As to Count 3, sex trafficking of a minor, S.B., how do you find?

JURY FOREPERSON:  No verdict.

THE COURT:  Conspiracy to sex traffic a minor,

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 25 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 97 of 113

25

S.B., how did you find on Count 4?

JURY FOREPERSON:  No verdict.

THE COURT:  Count 5, coercion and enticement of O.S.?

JURY FOREPERSON:  No verdict.

THE COURT:  Count 6, transportation of S.B. on Count 6?

JURY FOREPERSON:  No verdict.

THE COURT:  Count 7, interstate travel and transportation in aid of racketeering with respect to both S.B. and O.S. on count 7?

JURY FOREPERSON:  No verdict.

THE COURT:  And then Count 8, obstruction of enforcement of 18 U.S.C. 19 -- excuse me -- -1591?

A JUROR:  No verdict.

THE COURT:  All right.  You may have a seat.

Mr. Zucker, do you still wish to have a poll?

MR. ZUCKER:  Only as to Count 2, please.

THE COURT:  All right.

Ladies and gentlemen, before we adjourn or excuse you, the defense has asked for what's called a "poll."

A poll is simply a request to affirm individually that you agree as to what the particular verdict is that you've reached.

So what I'll simply do is ask whether each of you

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 26 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 98 of 113

26

agree as to the verdict as to Count 2, which is the only

count as to which you have reached a verdict, that was

announced by your foreperson, okay?

So let me start with the juror in seat 1:  Do you

agree with the verdict as it was announced with respect to

Count 2?

A JUROR:  Yes.

THE COURT:  Juror in seat 2?

A JUROR:  Yes.

THE COURT:  Seat 3?

A JUROR:  Yes.

THE COURT:  Seat 4?

A JUROR:  Yes.

THE COURT:  Seat 5?

A JUROR:  Yes.

THE COURT:  Seat 6?

A JUROR:  Yes.

THE COURT:  Juror in seat 9?

A JUROR:  Yes.

THE COURT:  Juror in seat 11?

A JUROR:  Yes.

THE COURT:  Juror in seat 12?

A JUROR:  Yes.

THE COURT:  Juror in seat 13, who's remote?

A JUROR:  Yes.

Case 1:19-cr-00369-APM   Document 117   Filed 03/24/20   Page 27 of 41
USCA Case #22-3052   Document #1983680   Filed: 01/30/2023   Page 99 of 113

27

THE COURT:  Okay.

And the juror in seat 14?

A JUROR:  Yes.

THE COURT:  Okay.

So, ladies and gentlemen, that concludes your service.  We are going to excuse you from further deliberations.

I want to thank you, deeply thank you.  This has been a long stretch, longer than, I think, any one of us imagined.  It's happened during some difficult and trying times for everyone.

But I've been grateful to have watched the degree of diligence that I've seen all of you exhibit on a day-to-day basis.  You've paid attention.  You've been thoughtful.  You clearly have been respectful of one another, which is everything we would ask for, and, perhaps, more, of people who take time out of their lives to commit to jury service, and so let me thank you.  On behalf of the parties, I want to thank you.

My last request is one that you can decide whether to grant or not, and that is:  Sometimes, the lawyers find it helpful to talk to the jurors after the case is concluded.  I do allow the lawyers to do that, and I'll allow them to do that in this case.

It is entirely up to you whether you wish to

28

remain to speak to me and the lawyers.  You are free to otherwise go.

So at this point, I will dismiss you.  If some or all of you would like to remain in the back to speak to the lawyers and to me, by all means, feel free to do so; otherwise, you're free to leave.

Thank you, all, very much.

(Jury exited the courtroom at 10:34 a.m.)

THE COURT:  Have a seat, everyone.

Okay.  Anybody want to raise anything?

I think the only other piece of business is to set a sentencing date.

MR. ZUCKER:  Judge, you already declared a mistrial on the other seven, right?

THE COURT:  I guess I haven't formally.

But yes, I'm going to declare a mistrial on all counts but Count 2.

I said I would do that.  I'm -- yes, thank you for the reminder.  I'm formally now doing that:  Declaring a mistrial as to Count 2.

And let me be clear.  Let me just ask whether the defense is objecting to declaring a mistrial as to those other counts or is agreeing to the mistrial?

MR. ZUCKER:  We're agreeing to the mistrial as to the other counts.

**FILED**

MAR 1 6 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-369 (APM) |
| | ) | |
| TERRELL ARMSTEAD, | ) | |
| | ) | |
| Defendant. | ) | Judge Amit P. Mehta |
| | ) | Trial: February 21, 2020 |
| | ) | |

### VERDICT FORM

We, the Jury, in this case, unanimously find as follows:

### Count One

Sex Trafficking by Force, Fraud, and Coercion of Sadie in violation of 18 U.S.C. § 1591 (a)(1), (a)(2), and (b)(1). As to Count 1 of the Indictment, we find the defendant, TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____ *no verdict*

### Count Two

Sex Trafficking by Force, Fraud, and Coercion of Olga in violation of 18 U.S.C. § 1591 (a)(1), (a)(2), and (b)(1). As to Count 2 of the Indictment, we find the defendant, TERRELL ARMSTEAD:

GUILTY \_\_\_✓\_\_\_\_ NOT GUILTY _____

Page 99

## Count Three

Sex Trafficking of a Minor, Sadie, in violation of 18 U.S.C. § 1591 (a)(1), (a)(2), and (b)(2).  As to Count 3 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

## Count Four

Conspiracy to Sex Traffic a Minor, Sadie, in violation of 18 U.S.C. § 1594(c).  As to Count 4 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

## Count Five

Coercion and Enticement of Olga in violation of 18 U.S.C. § 2422(a).  As to Count 5 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

## Count Six

Transportation of Sadie in violation of 18 U.S.C. § 2421(a).  As to Count 6 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

2

## Count Seven

Interstate Travel and Transportation in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3)(A).  As to Count 7 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

## Count Eight

Obstruction of Enforcement of 18 U.S.C. § 1591.  As to Count 8 of the Indictment, we find the defendant TERRELL ARMSTEAD:

GUILTY _____ NOT GUILTY _____   no verdict

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Washington, District of Columbia, this

16  day of  March  , 2020.

3

Page 101

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                 Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia  ▾

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRELL ARMSTEAD | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  19-cr-369 (APM)<br><br>USM Number:  91040-007<br><br>Jonathan Zucker<br>_Defendant's Attorney_ |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)    2 of the Indictment _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1) | Sex Trafficking by Force, Fraud, and Coercion | 9/30/2018 | 2 |

     The defendant is sentenced as provided in pages 2 through    8    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)   All remaining counts     ☐ is   ☑ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                    7/15/2022
                                      Date of Imposition of Judgment

                                       2022.07.28
                     Signature of Judge                         09:17:48
                                         -04'00'

                                     Amit P. Mehta, U.S. District Judge
                     Name and Title of Judge

                     Date

AO 245B  (Rev. 09/19)  Judgment in Criminal Case
       Sheet 2 — Imprisonment

Judgment — Page   2   of   8  

DEFENDANT:   TERRELL ARMSTEAD
CASE NUMBER:   19-cr-369 (APM)

# IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
 two hundred seventy-six (276) months on Count 2. This term of imprisonment shall run concurrent with the sentence imposed in 1:18-cr-00357-APM-1.

☑   The court makes the following recommendations to the Bureau of Prisons:
     placement at the facility in Fort Dix. Additionally, the Court recommends placement in the following programs:
     Occupational Education Program (OEP), Federal Prisons Industries Program, Residential Drug Abuse Program
     (RDAP), Parenting Program, Sex Offender Treatment Program -- Nonresidential (SOTP-NR).

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐  at   _____  ☐ a.m.  ☐ p.m.  on  _____ .

     ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐  before 2 p.m. on   _____ .

     ☐  as notified by the United States Marshal.

     ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

at   _____ ,  with a certified copy of this judgment.

               _____
                           UNITED STATES MARSHAL

          By   _____
                            DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT:   TERRELL ARMSTEAD
CASE NUMBER:   19-cr-369 (APM)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

240 months (20 years) on Count 2. This term of supervised release shall run concurrent with the sentence imposed in 1:18-cr-00357-APM-1.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page    4    of    8

DEFENDANT:  TERRELL ARMSTEAD
CASE NUMBER:  19-cr-369 (APM)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___8___

DEFENDANT: TERRELL ARMSTEAD
CASE NUMBER: 19-cr-369 (APM)

# SPECIAL CONDITIONS OF SUPERVISION

Sex Offense Assessment – You must participate in a sex offense-specific assessment. You must pay a percentage of the costs of the assessment, as determined by the Probation Office.

Sex Offender Treatment - You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay a percentage of the costs of the program, as determined by the Probation Office.

Sex Offense Testing [Polygraph] - You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

Computer Monitoring - You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 USC § 1030(e)(1)) you use.

Computer Search - You must submit your computers (as defined in 18 USC § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

Substance Abuse Testing - You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

Educational/Vocational Services Program - You must participate in an educational/vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training.

Re-Entry Progress Hearing - Within sixty days of release from incarceration or placement on supervision, you will appear before the Court for a re-entry progress hearing. Prior to the hearing, the probation officer will submit a report summarizing your status and compliance with release conditions. If you are supervised by a district outside of the Washington DC metropolitan area, the United States Probation Office in that district will submit a progress report to the court within 60 days of the commencement of supervision; upon receipt of the progress report, the Court will determine if your appearance is required.

Community Service - You must complete 200 hours of community service.  The probation officer will supervise the participation in the program by approving the program. You must provide written verification of completed hours to the probation officer.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  8

DEFENDANT: TERRELL ARMSTEAD
CASE NUMBER: 19-cr-369 (APM)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 28,644.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| O.S. | | $28,644.00 | |
| **TOTALS** | $ 0.00 | $ 28,644.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the ☐ fine ☑ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page    7    of    8

DEFENDANT:  TERRELL ARMSTEAD
CASE NUMBER:  19-cr-369 (APM)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE COURT ALSO FINDS that you do not have the ability to pay the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 and, therefore, waives the imposition of this assessment.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___8___ of ___8___

DEFENDANT: TERRELL ARMSTEAD
CASE NUMBER: 19-cr-369 (APM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☑ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☑ Payment in equal __monthly__ *(e.g., weekly, monthly, quarterly)* installments of $ __25.00__ over a period of
_____ *(e.g., months or years)*, to commence __promptly__ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:
The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court,
333 Constitution Avenue NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify
the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names        Joint and Several      Corresponding Payee,
*(including defendant number)*     Total Amount       Amount        if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA ）
                            ）
                vs.          ）     Criminal No. __19-cr-369-APM__
                            ）
__TERRELL ARMSTRONG__       ）

## NOTICE OF APPEAL

Name and address of appellant:        Terrell Armstrong
                                      Clinton, MD

Name and address of appellant's attorney:     Jonathan Zucker
                                               37 Florida Avenue, NE, #200
                                               Washington, DC  20002

Offense:  18 USC 1591(a)(1), (a)(2), (b)(1) Sex Trafficking by Force & Coercion

Concise statement of judgment or order, giving date, and any sentence:

    276 months; 240 supervised release

Name and institution where now confined, if not on bail:  Northern Neck Regional Jail

        I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

__July 28, 2022__
DATE

                                        APPELLANT
                                        /s/  Jonathan Zucker
                                        ATTORNEY FOR APPELLANT

| | |
|---|---|
| GOVT. APPEAL, NO FEE | ☐ |
| CJA, NO FEE | ✔ |
| PAID USDC FEE | ☐ |
| PAID USCA FEE | ☐ |

Does counsel wish to appear on appeal?                         YES ✔   NO ☐
Has counsel ordered transcripts?                              YES ✔   NO ☐
Is this appeal pursuant to the 1984 Sentencing Reform Act?    YES ✔   NO ☐

## CERTIFICATE OF SERVICE

I certify that on this 30th day of January 2023, I caused a copy of the foregoing Appendix to be electronically served using the CM/ECF system to the following registered users:

USAO Appellate Counsel: USADC.ECFAppellate@usdoj.gov

Chrisellen Rebecca Kolb, Assistant U.S. Attorney: Chrisellen.R.Kolb@usdoj.gov, elizabeth.danello@usdoj.gov, marc.thompson2@usdoj.gov.

_/s/_____
Jonathan Zucker